**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Roger RODERICK, Defendant–Appellant.**

**No. 91–3558**

**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Oct. 9, 1992.

Emmett Abdoney, P.A., Mark Wolfe, Tampa, Fla., for defendant-appellant.

James C. Preston, Jr., Karla Spaulding, Tampa, Fla., for plaintiff-appellee.

Before KRAVITCH, HATCHETT and DUBINA, Circuit Judges.

PER CURIAM:

The appellant in this case, Roger Roderick ("Roderick"), appeals his sentence imposed by the United States District Court for the Middle District of Florida. For the reasons which follow, we affirm.

### I. BACKGROUND

Roderick was charged in an information with violations of 21 U.S.C. § 846, conspiracy to possess marijuana with intent to distribute, and 18 U.S.C. § 1623, perjury in an official proceeding. Pursuant to a plea agreement with the United States (the "government"), Roderick entered guilty pleas to both counts of the information. The stipulated facts in the plea agreement show that Roderick committed perjury in 1990, when he was questioned under oath about his involvement in a conspiracy to possess marijuana, which occurred in 1986. Applying the United States Sentencing Guidelines ("U.S.S.G."), the district court sentenced Roderick on the perjury count pursuant to section 2J1.3(c)(1), which provides that if the offense involved perjury in respect to a criminal offense, section 2X3.1 (accessory after the fact) should be applied. The latter guideline section calls for sentencing the defendant based upon the underlying offense, which in this case was

conspiracy to possess marijuana. *See* § 2X3.1(a). Accordingly, the district court calculated Roderick's base offense level based upon section 2D1.1 (drug offense), which provides for an offense level of 28 for conspiracy to possess at least 400 but less than 700 kilograms of marijuana. The district court then sentenced Roderick to concurrent terms of thirty-three months imprisonment followed by two years supervised release on each of the two counts to which he pled guilty. Roderick then perfected this appeal.

## II. STANDARD OF REVIEW

■ The district court's interpretation of the sentencing guidelines is subject to *de novo* review on appeal. *United States v. Kramer*, 943 F.2d 1543, 1547 (11th Cir. 1991); *United States v. Goolsby*, 908 F.2d 861, 863 (11th Cir.1990).

## III. ISSUE

■ The issue in this appeal is whether the district court's application of the sentencing guidelines to Roderick's perjury conviction constitutes a violation of the *ex post facto* clause of the United States Constitution.

## IV. ANALYSIS

Roderick argues that the application of section 2X3.1 of the guidelines resulted in a violation of the *ex post facto* clause because his underlying offense, the conspiracy, occurred before the effective date of the guidelines. Thus, he argues that there is no base offense level from which to calculate the offense level for the perjury. We disagree.

Article I, section 10 of the United States Constitution specifically prohibits Congress from passing any *ex post facto* law. The United States Supreme Court has determined that two critical elements must be present for an *ex post facto* violation to occur:

[F]irst, the law "must be retrospective, that is, it must apply to events occurring

before its enactment;" and second, "it must disadvantage the offender affected by it."

*Miller v. Florida*, 482 U.S. 423, 430, 107 S.Ct. 2446, 2451, 96 L.Ed.2d 351 (1987) (quoting *Weaver v. Graham*, 450 U.S. 24, 29, 101 S.Ct. 960, 964, 67 L.Ed.2d 17 (1981)). In *Miller* the Supreme Court recognized further that, "A law is retrospective if it 'changes the legal consequences of acts completed before its effective date.'" 482 U.S. at 430, 107 S.Ct. at 2451 (quoting *Weaver*, 450 U.S. at 31, 101 S.Ct. at 965).

In the present case, the guidelines sentence that the district court imposed on the perjury conviction was derived by initially referring to section 2J1.3 of the sentencing guidelines, relating to crimes of perjury. Subsection (c) of that section provides:

If the offense involved perjury or subornation of perjury in respect to a criminal offense, apply § 2X3.1 (Accessory After the Fact) in respect to that criminal offense, if the resulting offense level is greater than that determined above.

U.S.S.G. § 2J1.3(c)(1). Accordingly, the district court applied section 2X3.1, which calls for a base offense level six levels lower than the underlying offense, and reached a base offense level of 22 for the perjury count.[1]

In affirming the probation officer's conclusions and thereby overruling Roderick's *ex post facto* challenge to the guidelines calculations noted above, the district court found that applying section 2X3.1 and viewing the underlying offense "as a measure of the severity or gravity or seriousness of the perjury offense" is not commensurate with a conviction of the underlying offense or a sentence for the underlying offense. Moreover, the district court further found:

By looking at that offense behavior as a means of measuring or determining the seriousness of the perjury itself ... does not constitute a prosecution for the marijuana transaction or offense or the underlying offense behavior in such a way as to be applying the Sentencing Reform

---

1. Because the underlying offense involved approximately 454 kilograms of marijuana, section 2D1.1 provided an offense level of 28 for the underlying offense.

Act to that offense and does not involve in any way an *ex post facto* application.

It is merely a point of reference which the guidelines logically refer to to determine the seriousness of the perjury itself, and treats it more severely or more seriously than perjury, which does not itself relate to some prior criminal act.

And since the guideline itself, including § 2X3.1 as amended November 1, 1989, was all in existence at the time of the commission of the perjury itself in October of 1990, it seems to me that that obviates and undermines any *ex post facto* claim.[2]

The district court noted that, although the sentencing guidelines use the conspiracy as a point of reference to determine the seriousness of the perjury itself, Roderick is being punished only for the perjury and not for the conspiracy.

We hold that the district court's interpretations and applications of the sentencing guidelines to the perjury count were correct. The district court simply referred to the underlying offense as a "point of reference" to determine the base offense level for an offense that occurred within the time in which the guidelines were effective. The district court did not apply a law that changed the legal consequences of an act contemplated before the law's enactment. Since the district court's present application of the sentencing guidelines to Roderick's perjury conviction did not constitute an *ex post facto* violation, we affirm his sentence.

AFFIRMED.