UNITED STATES of America,
Plaintiff–Appellee,

v.

William Lawrence PEDERSEN,
Defendant–Appellant.

No. 92–2724.

United States Court of Appeals,
Eleventh Circuit.

Oct. 7, 1993.

Jeffrey B. Steinback; Genson, Steinback, Gillespie & Martin, Chicago, IL, for defendant-appellant.

Julie Tingwall, Tamra Phipps, David Rhodes, Asst. U.S. Attys., Tampa, FL, for plaintiff-appellee.

Before EDMONDSON and BLACK, Circuit Judges, and MELTON *, Senior District Judge.

MELTON, Senior District Judge:

William Lawrence Pedersen (Pedersen) appeals his sentence, challenging the district court's application of the United States Sentencing Guidelines.[1] Pedersen asserts that the court erred in enhancing his base offense level for insider trading, U.S.S.G. § 2F1.2, by two levels pursuant to U.S.S.G. § 3B1.3, upon finding that he abused a position of special trust. For the reasons that follow, we affirm Pedersen's sentence.

I. BACKGROUND

Pedersen was a police detective employed by the City of Chicago Police Department. He also operated a business called Professional Investigations in Chicago, Illinois. At the request of Nationwide Electronic Tracking, Inc. (NET), Pedersen unlawfully accessed, and recruited others to unlawfully access, confidential information stored in various government computer data bases.

Pedersen or his agents illegally searched and disclosed to NET the contents of hundreds of confidential government records. By virtue of his position as a police officer, Pedersen had personal access to, and could easily request others to access, the National Crime Information Center (NCIC) data base maintained by the Federal Bureau of Investigation (FBI). Pedersen also solicited the assistance of persons who gained access to Social Security Administration computer records.[2]

NET was in the business of selling personal background information to employers, investigators, insurance companies, and others.

The confidential criminal history, employment, and tax information provided by Pedersen was not legally available to NET or to its clients without obtaining permission of the individual whose records were to be searched or without incurring significant expense and inconvenience in searching a multitude of public records on a state by state basis. NET paid Pedersen for each search which provided information regarding a designated individual.

Pedersen was charged in two indictments with ten counts, including charges of conspiring to commit crimes against the United States, unauthorized disclosure of social security information, fraud by wire, and theft of public records or government property. The two cases were consolidated and Pedersen pled guilty to all ten counts. The United States Probation Office determined, without objection, that the base offense guideline for insider trading, U.S.S.G. § 2F1.2, was the most analogous in the absence of a Sentencing Guideline provision for Pedersen's offense conduct. After several enhancements, including a two-level enhancement for abuse of a position of special trust, pursuant to §§ 2F1.2 comment (n. 1) and 3B1.3, the district court sentenced Pedersen to fifteen months imprisonment to be followed by two years supervised release.[3]

II. DISCUSSION

■ In this appeal, Pedersen challenges the district court's assessment of a two-level enhancement of his base offense level for abuse of a position of special trust. He contends that such enhancement constitutes impermissible double counting because abuse of a position of trust or use of a special skill is included in the base offense level for insid-

---

* Honorable Howell W. Melton, Senior U.S. District Judge for the Middle District of Florida, sitting by designation.

1. United States Sentencing Commission, *Guidelines Manual* (1991) (U.S.S.G. or Sentencing Guidelines). The 1991 edition of the U.S.S.G., which went into effect November 1, 1990, was in effect when Pedersen was sentenced on July 8, 1992.

2. The Indictment in Case No. 91–342–Cr–T–23A specifies two persons whose social security records were searched. Pedersen admitted illegally

disclosing the confidential information contained in those records to NET. The Indictment in Case No. 91–355–Cr–T–23A identifies over forty individuals whose criminal history, gleaned from NCIC data bases, was revealed by Pedersen to NET for unauthorized purposes.

3. Pedersen has served five months incarceration. The district court suspended the remaining ten months of his sentence and permitted him to be released pending the outcome of this appeal.

er trading and because he did not occupy and abuse a position of special trust.[4]

Section 3B1.3 requires a two-level increase of the base offense level "[i]f the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense." The guideline further provides that "[t]his adjustment may not be employed if an abuse of trust or skill is included in the base offense level or specific offense characteristic."

Section 2F1.2 establishes the base offense level for insider trading, and its commentary[5] prescribes that:

> Section 3B1.3 (Abuse of Position of Trust or Use of Special Skill) should be applied only if the defendant occupied and abused a position of special trust. Examples might include a corporate president or an attorney who misused information regarding a planned but unannounced takeover attempt. It typically would not apply to an ordinary "tippee."

U.S.S.G. § 2F1.2, comment (n. 1) (1991).

The district court found that the commentary to § 2F1.2 contemplates that certain insiders may occupy positions of special trust such that an enhancement for abuse of a position of trust under § 3B1.3 would be warranted. In other words, the court found that § 3B1.3 could be applied in some instances to enhance the base offense level for insider trading where the defendant occupied a position of special trust, as opposed to a position of trust.

Evaluating Pedersen's conduct in light of its interpretation of the Sentencing Guidelines, the district court stated:

a police officer is invested by force of the special position that he occupies in our society, the special need for the services of honorable and trustworthy police, the mischief that is available potentially in injuring innocent citizens, even if the extent and even the identity of those injuries is not always readily ascertainable, and certainly by force of the oath that is solemnly sworn by a police officer to act in accordance with the law, and I find there to be in that instance, particularly involving access to information which can be potentially abused or converted, as it were, for special profit or gain in a corrupt manner, that not only is there a public trust but a special public trust sufficient to warrant the application of 3B1.3, notwithstanding the element of trust that is in fact implicit in the laws governing insider trading in the public securities markets.

The commentary to § 2F1.2 unequivocally states that an enhancement for abuse of a position of trust pursuant to § 3B1.3 may be assessed when the court finds that the defendant violated a position of special trust. The commentary is not inconsistent with the admonition in § 3B1.3 that the adjustment for abuse of position of trust "may not be employed if an abuse of trust or skill is included in the base offense level or specific offense characteristic" because enhancement of the base offense level for insider trading is permitted only in circumstances where a position of special trust is violated.[6]

The district court found that Pedersen occupied and abused a position of special trust. Accordingly, the court increased his base of-

---

**4.** The sentencing court's interpretation of the Sentencing Guidelines is subject to de novo review on appeal while its factual findings are entitled to great deference and must be accepted unless clearly erroneous. *United States v. Burton*, 933 F.2d 916, 917 (11th Cir.1991).

**5.** "[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson v. United States*, — U.S. ——, 113 S.Ct. 1913, 123 L.Ed.2d 598 (U.S.1993).

**6.** Other guideline provisions reinforce this conclusion. For example, U.S.S.G. § 2H1.1(b)(1) requires a four-level increase in the base offense level for conspiracy to interfere with civil rights if the defendant was a public official at the time of the offense. In contrast to § 2F1.2, the commentary to § 2H1.1(b)(1) explicitly prohibits further enhancement for abuse of a position of trust under § 3B1.3, under any circumstances. U.S.S.G. § 2H1.1 comment (n. 2) (1991). Thus, the Sentencing Commission has expressly excepted certain offenders from particular enhancements where it intended to do so. *See also United States v. Goolsby*, 908 F.2d 861, 863 (11th Cir.1990).

fense level by two levels pursuant to § 3B1.3. Pedersen's sentence should be affirmed unless the district court misinterpreted or misapplied the commentary language in concluding that Pedersen occupied a position of special trust on the facts of this case.[7]

Pedersen maintains that the determination of whether he occupied a position of special trust should have been based solely upon his position or rank within the police department. He asserts that because he was an ordinary police officer, with the same access as other police officers to the information he sold, and because he held no supervisory position, he could not be deemed to occupy a position of special trust subject to the § 3B1.3 enhancement, under a fair analogy to the examples provided in the commentary to § 2F1.2.

The Sentencing Commission provides little guidance as to when a position of special trust exists which would subject a defendant to the § 3B1.3 enhancement. Only one example is given: a corporate president or an attorney misusing information regarding a planned but unannounced takeover attempt. The § 2F1.2 commentary distinguishes the situation presented in that example from a case involving an ordinary tippee, in which the special trust enhancement would not be applied. Determination of what constitutes abuse of a position of special trust is more difficult in this case involving offense conduct that is analogous to insider trading. Pedersen's conduct did involve the misuse of inside information for personal gain, but it is nonetheless distinct from insider trading because it occurred outside the usual corporate insider trading context.

■ The commentary's lone example of when the special trust enhancement would be applied—misuse of non-public takeover information by a corporate president or attorney—indicates that more than rank within the organization may be relevant; it also suggests that the type of information misused should be considered. The example evidences the Sentencing Commission's in-

tention that the nature of the information misused is an important basis for finding that a position of special trust has been abused.

■ Pedersen's view of what constitutes a position of special trust is too narrow and we decline to adopt it. While it may be said that all police officers occupy positions of trust because of the nature of their job duties and their position in society, the inquiry does not end there. Police officers are not afforded the same trust with regard to all matters; with respect to certain matters, police officers may occupy positions of special trust.

In this case, the computer information accessed by Pedersen, or by officers he recruited, was highly personal and confidential. In order to maintain the integrity and privacy of the NCIC records, the FBI keeps logs detailing for which of three permissible purposes each individual's records were accessed: criminal justice, justice employment, or security clearances. Access to this information was entrusted to Pedersen in his capacity as a sworn police officer, and he was given training and instructions regarding permissible access to and dissemination of the information in order to safeguard its confidentiality. It was not error for the district court to conclude that in addition to the position of trust Pedersen occupied in society as a police officer, he was specially entrusted with maintaining the confidentiality of the information accessible through police department computers.

Not only was the integrity and legitimacy of the information system undermined by Pedersen's offenses, but specific individuals, who were entitled to expect that the integrity of the information would be maintained by Pedersen and others in his position, suffered breaches of their privacy. Because of the privileged nature of the information disclosed, Pedersen's conduct had ramifications for identifiable individuals and more than merely undermined the integrity of the com-

---

7. In *United States v. Milligan,* 958 F.2d 345, 346 (11th Cir.1992), this Court considered whether a postal window clerk convicted of embezzlement was subject to an offense level enhancement for abuse of a position of trust pursuant to § 3B1.3. This Court has not, however, addressed what constitutes abuse of a special trust in a situation analogous to insider trading.

puter information systems. In this respect, Pedersen's conduct was more akin to that of a corporate president or attorney whose use of non-public takeover information has implications beyond the general market typically affected by an insider trading violation.

█ In this case, all police officers with the City of Chicago Police Department held positions of special trust concerning the confidential personal information with which they were entrusted with computer access. A supervisory rank would not have made commission or concealment of the offenses easier, nor would it have made the offense any less severe. We find no basis in the Sentencing Guidelines or elsewhere to limit occupancy of positions of special trust to a small number of persons who attain high rank within an organization.

## III. CONCLUSION

Pedersen was entrusted with computer access to confidential information for specific purposes only, he had been trained to safeguard the information, and he had been instructed about the dangers of disclosing the information to unauthorized persons. Nevertheless, he purposefully and illegally acquired the information and disseminated it to unauthorized persons. On the facts of this case, we hold that the district court did not err in concluding that Pedersen breached a position of special trust, which warranted a two-level enhancement of his sentence.

For the foregoing reasons, the sentence imposed by the district court is AFFIRMED.