UNITED STATES of America,
Plaintiff–Appellee,

v.

Charles POMPEY, Defendant–Appellant.

No. 92–8361.

United States Court of Appeals,
Eleventh Circuit.

March 28, 1994.

James W. Howard, Atlanta, GA, for defendant-appellant.

Nicolette S. Templer, David C. Nutter, Atlanta, GA, for plaintiff-appellee.

Before BLACK, Circuit Judge, FAY,* Senior Circuit Judge, and UNGARO–BENAGES,** District Judge.

UNGARO–BENAGES, District Judge:

Defendant–Appellant Charles Pompey ("Appellant") appeals his sentence imposed subsequent to a plea bargain in which he pled guilty to bribery conspiracy. Appellant attempted to "fix" cocaine trafficking charges against his son Bruce Pompey by arranging to bribe an agent of the Drug Enforcement Agency ("DEA"). Although he was later charged under federal law for drug trafficking, Bruce Pompey was in state custody on state charges at the time Appellant participated in the bribery conspiracy. In this sentencing appeal, the Court must decide whether the trial court properly enhanced Appellant's sentence under the United States Sentencing Guideline for Bribery (U.S.S.G. § 2C1.1) by cross-referencing to U.S.S.G. § 2X3.1 (Accessory After the Fact) and determining that the "underlying offense" for the purpose of determining Appellant's base offense level was the drug trafficking charge against Bruce Pompey even though the bribe occurred prior to the initiation of any federal charges.[1] Because we hold that the district court properly applied U.S.S.G. § 2C1.1 by cross-referencing to § 2X3.1, we AFFIRM.

## I. FACTS

On July 5, 1991, Bruce Pompey and Sherrieffia Sully were arrested on state drug trafficking charges in a motel room in East Point, Georgia. In a search incident to their arrests, the East Point police department uncovered 1.5 kilograms of powder cocaine, a quarter kilogram of crack cocaine and a loaded semi-automatic weapon. That same day, the police contacted the DEA.

The bribery conspiracy commenced on July 8, 1991 when Anthony Turner ("Turner") contacted Ernest Nesmith of the Fulton County District Attorney's Office about "fixing" the cocaine trafficking charges against Bruce Pompey. The next day, Appellant, Turner and Tanwet Welch met with Nesmith and DEA Agent Gerard Easley who had been contacted by Nesmith. During this meeting, which was recorded on video and audio tape, Agent Easley was paid $20,000. In a conversation during this meeting, Agent Easley asked Appellant whether the payment was intended to get Bruce Pompey "off." Appellant answered in the affirmative and indicated that the payment was for "the whole ball of wax."

Appellant, Bruce Pompey, Tanwet Welch and Sherrieffia Sully were subsequently charged in a seven count federal indictment. The sole charge against Appellant was conspiracy to bribe DEA Agent Easley. On December 12, 1991, Appellant pled guilty to the bribery conspiracy charge. At sentencing on April 6, 1992, the district court adopted the conclusions of the Probation Officer's Presentence Report. The court ruled that the general bribery provision, U.S.S.G. § 2C1.1(c)(2), expressly required cross-reference to U.S.S.G. § 2X3.1 (Accessory After the Fact) where the bribe was for the purpose of obstructing justice in another criminal offense.[2] Pursuant to § 2X3.1, the court

---

* See Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

** Honorable Ursula Ungaro–Benages, U.S. District Judge for the Southern District of Florida, sitting by designation.

1. All references are to the November, 1991 edition of the guidelines, which were in effect at the time of sentencing.

2. U.S.S.G. § 2C1.1 (*Offering, Giving, Soliciting, or Receiving a Bribe; Extortion Under Color of Official Right*) provides in pertinent part:
...(c) Cross References ...
(2) If the offense was committed for the purpose of concealing, or obstructing justice in

respect to, another criminal offense, apply § 2X3.1 (Accessory After the Fact) or § 2J1.2 (Obstruction of Justice), as appropriate, in respect to that other offense if the resulting offense level is greater than that determined above.

U.S.S.G. § 2J1.2(c) also cross references to § 2X3.1:
...(1) If the offense involved obstructing the investigation or prosecution of a criminal offense, apply § 2X3.1 (Accessory After the Fact) in respect to that criminal offense, if the resulting offense level is greater than that determined above.

found that the base offense level for the underlying drug offense to which Appellant's bribe related was level 34, and reduced Appellant's offense level by six levels to level 28.[3] The court reduced Appellant's offense level four levels for his minimal participation (U.S.S.G. § 3B1.2) and two levels for acceptance of responsibility (U.S.S.G. § 3E1.1). The final offense level for Appellant was level 22, resulting in a sentencing range of 41–51 months. Appellant received a 41 month sentence.

## II. STANDARD OF REVIEW

The district court's interpretation of the sentencing guidelines is subject to *de novo* review on appeal, while its factual findings must be accepted unless clearly erroneous. *United States v. Dukovich*, 11 F.3d 140, 141 (11th Cir.1994); *United States v. Moore*, 6 F.3d 715, 718 (11th Cir.1993); *United States v. Pinion*, 4 F.3d 941, 943 (11th Cir. 1993); *United States v. Pedersen*, 3 F.3d 1468, 1470 n. 4 (11th Cir.1993). Whether a particular guideline applies to a given set of facts is a question of law, subject to *de novo* review. *Dukovich*, 11 F.3d at 141.

## III. DISCUSSION

In this case, Appellant participated in a bribery scheme to thwart the prosecution of his son Bruce Pompey at a time when Bruce Pompey was in state custody on state drug charges. Subsequently, a federal grand jury returned an indictment charging Bruce Pompey and his co-conspirators with federal drug crimes, including federal drug charges arising from the July 5, 1991 arrests, and charging Appellant with bribery conspiracy. Appellant challenges the enhancement of his

sentence under the bribery sentencing guideline, U.S.S.G. § 2C1.1(c)(2) which cross references to U.S.S.G. § 2X3.1 (Accessory After the Fact) when the bribe was committed for the purpose of concealing or obstructing justice in respect to another criminal offense.[4] The Accessory After the Fact provision, in turn, is tied to the offense level for the underlying offense, the prosecution of which the defendant attempted to obstruct. Appellant maintains that § 2X3.1 is inapplicable here because the "underlying offense" at the time of the bribe was a state offense.[5]

The Court begins its inquiry by focusing on the pertinent guidelines. The bribery guideline requires the sentencing court to cross reference to the Accessory After the Fact Guideline (§ 2X3.1) if the bribe was "committed for the purpose of concealing, or obstructing justice in respect to, *another criminal offense.*" U.S.S.G. § 2C1.1(c)(2) (emphasis added). The Accessory After the Fact guideline requires the court to sentence the defendant "6 levels lower than the offense level for the *underlying offense.*" U.S.S.G. § 2X3.1(a) (emphasis added). Application note 1 to § 2X3.1 defines "underlying offense" as the offense to which the defendant is convicted of being an accessory.[6]

Appellant would have this Court restrict the application of these provisions to situations where the "underlying offense" is a federal crime. Under the Appellant's interpretation, § 2X3.1 does not apply in this case because the bribery attempt occurred while Bruce Pompey was in state custody solely on state charges. However, this Court finds nothing in the language of § 2X3.1 which limits the phrase "underlying offense" solely to federal crimes and the defendant has

---

Because in this case the resulting offense level of § 2X3.1 is greater than § 2J1.2, the court correctly cross referenced to § 2X3.1.

**3.** U.S.S.G. § 2X3.1 (*Accessory After the Fact*) provides in pertinent part:
   (a) Base Offense Level: 6 levels lower than the offense level for the underlying offense, but in no event less than 4, or more than 30.

**4.** While Appellant raised other issues on appeal, this Court finds the application of this sentencing provision to be the sole issue to merit discussion in the opinion.

**5.** There exists some dispute as to whether this issue was raised before the district court below. Nevertheless, this Court chooses to address Appellant's argument.

**6.** Commentary that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline. *Stinson v. United States*, —— U.S. ——, ——, 113 S.Ct. 1913, 1915, 123 L.Ed.2d 598 (1993).

failed to offer this Court any basis for such restriction.

The rules which are to be applied in construing the Sentencing Guidelines are well established. We have stated that language in the Sentencing Guidelines is to be given its plain and ordinary meaning. *United States v. Strachan,* 968 F.2d 1161, 1163 (11th Cir. 1992) ("wealth of precedent in this circuit that seeks to remain faithful to the plain language of the sentencing guidelines"); *United States v. Wilson,* 993 F.2d 214, 217 (11th Cir.1993) (Sentencing Guidelines commentary to be given its plain and ordinary meaning). Further, where the guidelines provide no indication as to a particular application the Court looks to the language and purpose of the Sentencing Guidelines for instruction. *United States v. Gonzalez,* 2 F.3d 369, 371 (11th Cir.1993); *See also United States v. Alessandroni,* 982 F.2d 419, 420–21 (10th Cir.1992) ("to the extent that the [guidelines'] language is clear and unambiguous, it must be followed except in the most extraordinary situation where the language leads to an absurd result contrary to clear legislative intent.")

We decline to restrict the application of § 2X3.1 exclusively to federal crimes absent any indication of the Sentencing Commission's contrary intent.[7] Indeed, the inclusion of state crimes as "underlying offenses" under § 2X3.1 furthers the policy objectives of the Sentencing Guidelines. In enacting the Sentencing Reform Act of 1984, Congress sought to establish an effective and fair sentencing system, reasonable uniformity in sentencing, and proportionality. U.S.S.G. Ch. 1, Pt. A, intro. comment. The Sentencing Commission pursued proportionality in bribery cases by measuring the severity of the defen-

dant's bribery sentence by the seriousness of the underlying offense the prosecution of which the defendant intended to thwart. *See* Application Note 6 to § 2C1.1. By doing so, we believe that the Sentencing Commission intended that the defendant's bribery sentence would be determined by the nature of the underlying offense rather than by the timing of the bribe or the forum in which the underlying offense was investigated or prosecuted, either of which could be completely fortuitous. *Compare, United States v. Roderick,* 974 F.2d 1270 (11th Cir.1992) (underlying drug offense is a point of reference to determine seriousness of perjury pursuant to § 2J1.3 and § 2X3.1, despite fact that drug offense was committed prior to effective date of Sentencing Guidelines). Restricting § 2X3.1 solely to federal crimes would frustrate the Sentencing Commission's goals of proportionality and fairness in sentencing.

No court has previously addressed the applicability of § 2C1.1(c)(2) and its cross reference § 2X3.1 to a defendant who offered a bribe intended to hinder the prosecution of another in state custody. However, our decision to affirm the district court's application of § 2X3.1 in this case is consistent with the decisions of a number of sister courts holding that the obstruction of state proceedings when no federal proceedings have commenced can be grounds for enhancement under U.S.S.G. § 3C1.1 (*Obstruction or Impeding the Administration of Justice*).[8]

In *United States v. Emery,* 991 F.2d 907 (1st Cir.1993), the district court enhanced the defendant's sentence under § 3C1.1 for escaping state custody, despite the fact that no federal investigation had begun at the time of his escape. The First Circuit rejected the defendant's argument that a defendant's con-

7. The Court notes that under a number of guidelines, the Sentencing Commission instructs the court to factor prior state offenses into sentencing. *See* U.S.S.G. § 4B1.2(1) ("crime of violence" includes both federal and state offenses in determining career offender status); § 4B1.2, comment. (n. 3) ("prior felony conviction" includes state convictions); § 4A1.2(*o*) ("felony offense" includes federal, state and local offenses in computing criminal history); § 4A1.1, comment. (backg'd.) (prior state convictions included in determining criminal history category); § 2T1.1, comment. (n. 5) (income from "criminal

activity" for purposes of tax evasion guideline includes income derived from conduct constituting state law offense); § 2H1.1, comment. (n. 1) ("underlying offense" in conspiracy to interfere with civil rights includes state offense).

8. § 3C1.1 provides:

If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels.

duct cannot obstruct a non-existent investigation, and that if no federal probe had begun, there can be no obstruction within the guideline's reach. The *Emery* court held that "so long as some official investigation is underway at the time of the obstructive conduct, the absence of a federal investigation is not an absolute bar to the imposition of a section 3C1.1 enhancement." *Id.* at 912. The court, reading the guidelines in a "common sense way," held that the obstruction of justice enhancement was proper where the state investigation that led to the defendant's arrest (and escape) related to the same conduct that resulted in the conviction of defendant on federal charges:

> [T]he provision may be triggered if, notwithstanding the lack of an ongoing federal investigation, there is a close connection between the obstructive conduct and the offense of conviction. In this case, the connection is skin tight: the behavior underlying appellant's arrest by local gendarmes ... is the very essence of the offense for which the district court sentenced him. Since appellant willfully sought to avoid the consequences of his felonious conduct, it would be passing strange to reward him merely because he managed to engineer his attempted escape just before the federal investigation formally began.

*Id.* at 911. *Accord, United States v. Lato,* 934 F.2d 1080, 1083 (9th Cir.) *cert. denied* —— U.S. ——, 112 S.Ct. 271, 116 L.Ed.2d 224 (1991) (obstruction of state investigation prior to initiation of federal probe properly considered for purposes of upward adjustment of the offense level pursuant to § 3C1.1); *United States v. Hager,* 807 F.Supp. 1238, 1241 (S.D.W.Va.1992) (defendant's acts of obstruction made during an investigation begun by state officials and later turned over to federal authorities for completion and prosecution, may be used for sentencing purposes in determining the federal offense level). *See also United States v. Dortch,* 923 F.2d 629, 632 (8th Cir.1991) (attempt to eliminate evidence during stop for traffic violation supported finding of obstruction in subsequent federal drug prosecution); *United States v. Paige,* 923 F.2d 112, 114 (8th Cir.1991) (high speed chase with highway patrol and throwing incriminating evidence from windows constituted obstruction); *United States v. Baker,* 907 F.2d 53, 55 (8th Cir.1990) (attempt to destroy cocaine upon the entry of state authorities into home constituted obstruction); *United States v. Roberson,* 872 F.2d 597, 609–10 (5th Cir.) *cert. denied* 493 U.S. 861, 110 S.Ct. 175, 107 L.Ed.2d 131 (1989) (defendant's acts during state investigation supported obstruction of justice finding).

As stated in the *Lato* decision, it is not likely that in the absence of the guidelines, a sentencing judge would fail to consider a bribery scheme such as this one when pronouncing sentence. *Lato,* 934 F.2d at 1080. We do not believe the guidelines should change this logical approach in the absence of a clear contrary indication by the Sentencing Commission.

In conclusion, we decline to read into the guidelines a requirement that would frustrate the Sentencing Commission's efforts to achieve proportionality among diverse bribery offenses, deprive the sentencing judge of the opportunity to consider a relevant sentencing factor, and reward Appellant for the purely fortuitous circumstance that he participated in the bribery scheme before federal charges had been initiated against his son. Therefore, the district court properly applied U.S.S.G. § 2C1.1 by cross-referencing to U.S.S.G. § 2X3.1 despite the fact that at the time of the bribery attempt, the "underlying offense" was a state crime.

AFFIRMED.