[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 6, 2005
THOMAS K. KAHN
CLERK

No. 04-15642
Non-Argument Calendar

_____

D. C. Docket No. 04-60148-CR-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN CARLOS CASTILLO-HERNANDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 6, 2005)

Before ANDERSON, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Juan Carlos Castillo-Hernandez appeals his eight-month sentence for

possession of a false social security number, in violation of 42 U.S.C. § 408(a)(7)(B). Castillo-Hernandez argues that the district court erred when it applied a six-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(9)(C)(i) because the social security number that he attempted to use to obtain a port access clearance badge did not belong to an "actual individual" as that term is used by the guidelines, because the number was assigned to a person who died almost 30 years before Castillo-Hernandez committed the criminal offense. Castillo-Hernandez contends that there is no ambiguity in the word "actual," which means existing and not merely potential or possible. Thus, he argues that an actual individual could not include a person who died almost 30 years ago. Castillo-Hernandez further argues that his reading of the term "actual individual" is supported by the reasons underlying the enhancement, which is designed to punish the defendant for harm, such as a damaged credit rating, damage to an individual's reputation, inconvenience, and other difficulties, that a victim of identity theft may face. Castillo-Hernandez argues that these harms, and thus the reason for applying the sentencing enhancement, are not present where the means of identification used belonged to a deceased person.

We review de novo whether the district court properly applied § 2B1.1(b)(9)(C)(i) to Castillo-Hernandez's underlying conduct. See United States

2

v. Spell, 44 F.3d 936, 938 (11th Cir. 1995).  Section 2B1.1 states that if "the offense involved . . . the unauthorized transfer or use of any means of identification unlawfully to produce or obtain any other means of identification . . . increase by 2 levels.  If the resulting offense level is less than level 12, increase to level 12." U.S.S.G. § 2B1.1(b)(9)(C)(i) (2003).  "'Means of identification' has the meaning given that term in 18 U.S.C. § 1028(d)(7), except that such means of identification shall be an actual (i.e., not fictitious) individual, other than the defendant[.]" U.S.S.G. § 2B1.1, cmt. n.8 (emphasis added);  see also United States v. Auguste, 392 F.3d 1266, 167-68 (11th Cir. 2004) (affirming the enhancement where the defendant had used her own name on the credit cards that she obtained by using the living victim's existing lines of credit and did not open new lines of credit).

We have held that the language in the sentencing guidelines is to be given its plain and ordinary meaning.  United States v. Pompey, 17 F.3d 351, 354 (11th Cir. 1994).  Thus, because "i.e." is an abbreviation for "that is" or "that is to say," the plain meaning of the language used by Congress was that "not fictitious" was the exclusive definition for "actual."  See Black's Law Dictionary 511 (6th ed. 1991). See also United States v. Bush, 404 F.3d 263, 267 (4th Cir. 2005) (affirming the defendant's conviction for using a false social security number to obtain a car loan, in violation of 42 U.S.C. § 408(a)(7)(B), where the social security number used

3

was assigned to a deceased person). Accordingly, in light of the plain meaning of the phrase "actual (i.e., not fictitious)," we affirm.

In addition, we reject Castillo-Hernandez's's argument that the enhancement should not apply because he did not actually obtain a port access clearance badge. The policy of the guidelines is to provide a lesser punishment for an attempt, "unless the defendant completed all the acts the defendant believed necessary for successful completion of the substantive offense or the circumstances demonstrate that the defendant was about to complete all such acts but for apprehension or interruption by some similar event beyond the defendant's control." U.S.S.G. 2X1.1(b)(1) (emphasis added). In this case, Appellant was apprehended just before he completed all of the acts and so under the guidelines, his actions do not constitute an attempt.

**AFFIRMED.**[1]

---

[1] Castillo-Hernandez's request for oral argument is denied.