[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-14096
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 26, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-60041-CR-JIC

UNITED STATES OF AMERICA,

                                                              Plaintiff-Appellee,

                              versus

LAZARO ANTONIO LIZANO,

                                                              Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 26, 2008)**

Before TJOFLAT, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

     Lazaro Antonio Lizano appeals his sentence of imprisonment for 70 months

for conspiracy to interfere with interstate commerce by means of robbery.  See 18

U.S.C. § 1951(a). Lizano, the driver of a getaway car in connection with an armed robbery of an armored van, raises three issues on appeal. He first contends that the district court erred when it refused to reduce his sentence as a minor participant. Second, Lizano argues that the district court erred when it applied the firearm enhancement because it was not foreseeable that a firearm would be brandished during the robbery. Finally, Lizano contends that his sentence was substantively unreasonable. We affirm.

## I. MINOR ROLE ADJUSTMENT

This Court reviews a determination of a defendant's role in the offense for clear error. United States v. Rodriguez De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc) (citations omitted). A district court may apply a two-level reduction to a base offense level "[i]f the defendant was a minor participant in any criminal activity." U.S.S.G. § 3B1.2(b). A minor participant "is less culpable than most other participants, but . . . [his] role could not be described as minimal." U.S.S.G. § 3B1.2 & cmt. (n.5). The defendant "always bears the burden of proving a mitigating role in the offense by a preponderance of the evidence." De Varon, 175 F.3d at 937 (citations omitted).

A district court employs a two-part analysis to decide whether a role reduction is warranted. First, the court measures the defendant's role against the

2

relevant conduct attributed to him in the calculation of his base offense level. Id. at 940-41. Second, where the record evidence is sufficient, the court may compare the defendant's conduct against that of any other participants in the relevant conduct. Id. at 944-95.

Lizano was an integral part of the conspiracy to rob the armored truck. He participated in meetings planning the robbery, and his role as a getaway driver was crucial to the ultimate success or failure of the robbery. See id. at 940-41. That he did not actually rob the armored truck is of no moment. "A defendant is not automatically entitled to a minor role adjustment merely because he was somewhat less culpable than the other discernable parties." Id. at 944. None of the participants in this robbery were minor; each played an essential role in the commission of the offense. The district court did not clearly err when it refused to reduce Lizano's base offense level as a minor participant.

## II. FIREARM ENHANCEMENT

"The district court's interpretation of the sentencing guidelines is subject to de novo review on appeal, while its factual findings must be accepted unless clearly erroneous." United States v. Jordi, 418 F.3d 1212 (11th Cir. 2005) (quoting United States v. Pompey, 17 F.3d 351, 353 (11th Cir. 1994)). If a firearm is "brandished or possessed" during a robbery, the court should increase the

defendant's base level offense by five. U.S.S.G. § 2B3.1(b)(2)(C). When, as here, there is "jointly undertaken criminal activity . . . all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity, should be taken into account in calculating the defendant's appropriate sentence." United States v. Pringle, 350 F.3d 1172, 1175-76 (11th Cir. 2003) (quotation omitted). An act may be imputed from one participant in the criminal activity to another if the conduct was (1) "reasonably foreseeable," and (2) "in furtherance of the jointly undertaken criminal activity." United States v. Gallo, 195 F.3d 1278, 1281 (11th Cir. 1999); U.S.S.G. § 1B1.3(a)(1)(B).

The government must prove "reasonable foreseeability" by a preponderance of the evidence. United States v. Cover, 199 F.3d 1270, 1274 (11th Cir. 2000). The government need not prove that the defendant expressly agreed to the acts of the other participants. Id. at 1275; see also U.S.S.G. § 1B1.3, cmt. (n.2). Instead, "an act is reasonably foreseeable if it is a necessary or natural consequence of the unlawful agreement." Cover, 199 F.3d at 1275 (internal punctuation and quotations omitted).

It was reasonably foreseeable that a firearm would be brandished or possessed during the robbery of the armored truck. Lizano participated in planning meetings with the other participants before the robbery and knew about

4

pre-robbery surveillance. Because it is well known that armored trucks are protected by armed guards, Lizano either knew or should have known that the robbery of an armored truck would necessarily include firearms. The application of the firearm enhancement by the district court was not clearly erroneous.

### III. SUBSTANTIVE REASONABLENESS OF SENTENCE

This Court may review a sentence for procedural or substantive reasonableness. Gall v. United States, 552 U.S. ___, ___, 128 S. Ct. 586, 597 (2007). The substantive reasonableness of a sentence is reviewed for an abuse of discretion. Id. The review for substantive reasonableness involves an examination of the totality of the circumstances, including an inquiry into whether the statutory factors, 18 U.S.C. § 3553(a), support the challenged sentence. Id. at ___, 128 S. Ct. at 597-600. We defer to the judgment of the district court in the weight given to the factors in section 3553(a) unless the district court has made "a clear error of judgment" and has imposed "a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. McBride, 511 F.3d 1293, 1297-98 (11th Cir. 2007) (citations omitted).

Lizano has not established that his sentence is unreasonable. The sentence imposed was the lowest end of the advisory guideline range. The district court reasonably determined that this sentence was not greater than necessary to achieve

5

the statutory purposes of sentencing.

## IV.  CONCLUSION

For these reasons, the sentence imposed by the district court is

**AFFIRMED**.