[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-10627
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 17, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-10047-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ABDULAY PEREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 17, 2008)**

Before MARCUS, WILSON and PRYOR Circuit Judges.

PER CURIAM:

Abdulay Perez, appeals his sentence of imprisonment of 27 months for

conspiracy to smuggle illegal aliens into the United States, 8 U.S.C. § 1324(a)(1)(A)(v)(I). Perez contends that the district court erred when it enhanced his sentence for the use of a dangerous weapon because it was not reasonably foreseeable that his co-conspirator would throw a barrel of gasoline at the Coast Guard. He also contends that the district court erred when it enhanced his sentence for reckless endangerment during his flight. We affirm.

## I. DANGEROUS WEAPON ENHANCEMENT

"The district court's interpretation of the sentencing guidelines is subject to de novo review on appeal, while its factual findings must be accepted unless clearly erroneous." United States v. Jordi, 418 F.3d 1212 (11th Cir. 2005) (quoting Untied States v. Pompey, 17 F.3d 351, 353 (11th Cir. 1994)). If a dangerous weapon is "brandished or otherwise used" during the smuggling or transportation of an illegal alien, the court should increase the defendant's base offense level by four, or to level 20, whichever is higher. U.S.S.G. § 2L1.1(b)(5)(B). When there is "jointly undertaken criminal activity. . . all reasonably foreseeable acts of omissions of others in furtherance of the jointly undertaken criminal activity, should be taken into account in calculating the defendant's appropriate sentence." United States v. Pringle, 350 F.3d 1172, 1175-76 (11th Cir. 2003) (quotation omitted). An act may be imputed from one

2

participant in the criminal activity to another if the conduct was (1) "reasonably foreseeable," and (2) "in furtherance of the jointly undertaken criminal activity." United States v. Gallo, 195 F.3d 1278, 1281 (11th Cir. 1999); U.S.S.G. § 1B1.3(a)(1)(B).

The government must prove "reasonable foreseeablility" by a preponderance of the evidence. United States v. Cover, 199 F.3d 1270, 1274 (11th Cir 2000). The government need not prove that the defendant expressly agreed to the acts of the other participants. Id. At 1275; see also U.S.S.G. § 1B1.3, cmt. (n.2). Instead, "an act is reasonably foreseeable if it is a necessary or natural consequence of the unlawful agreement." Cover, 199 F.3d at 1275 (internal punctuation and quotations omitted).

It was reasonably foreseeable that anything available as a potential weapon, including a barrel of gasoline, would be used by Perez's co-conspirator as they were fleeing the Coast Guard. Perez's argument that he must foresee the precise weapon and manner in which it was used in unavailing. After the Coast Guard began its pursuit of the go-fast vessel and the conspirators attempted to evade capture, the use of any available object as a potential weapon was reasonably foreseeable. The application of the enhancement was not clearly erroneous.

## II. RECKLESS ENDANGERMENT ENHANCEMENT

Perez contends that the district court erred when it enhanced his sentence for reckless endangerment during flight based on the conduct of his co-defendant. Because Perez failed to raise the argument in the district court, we review for plain error. See United States v. De La Garza, 516 F.3d 1266, 1269 (11th Cir. 2008). "Under plain error review, there must be (1) an error, (2) that is plain, (3) that affects the defendant's substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id.

"If the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing a law enforcement officer," the court may increase the offense level by two. U.S.S.G. § 3C1.2. A defendant is responsible for his own conduct and for conduct that he "aided or abetted, counseled, commanded, induced, or willfully caused." Id. cmt. n.5. If a sentence is enhanced for "aided or abetted" conduct, "some form of active participation by the accused" in the reckless behavior is required. United States v. Cook, 181 F.3d 1232, 1235 (11th Cir. 1995).

Perez actively participated in the reckless behavior. The go-fast vessel lead the Coast Guard on a high speed chase, was driven erratically to avoid capture, and collided with the bow of the vessel driven by Coast Guard during the pursuit. Although Perez was not driving the go-fast vessel, Perez refueled the vessel during

the chase and laid across the engines to prevent the Coast Guard from disabling the vessel. The district court did not plainly err when it applied the enhancement for reckless endangerment.

## III. CONCLUSION

The sentence imposed by the district court is **AFFIRMED**.