[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15408
Non-Argument Calendar

_____

D.C. Docket No. 2:11-cr-00027-CEH-SPC-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHN PATRICK ROSSO,
a.k.a. Michael J. Calabrese,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 10, 2012)

Before MARCUS, MARTIN and FAY, Circuit Judges.

PER CURIAM:

John Rosso pleaded guilty to (1) theft of government property, in violation of 18 U.S.C. § 641; (2) failure to disclose events affecting his continued eligibility for social security disability insurance benefits, in violation of 42 U.S.C. § 408(a)(4); and (3) false representation of a social security number, in violation of 42 U.S.C. § 408(a)(7)(B).  Rosso's Presentence Investigation Report (PSR) calculated a sentence guideline range of 51 to 60 months imprisonment, based on a criminal history category of IV, and a total offense level of 17.  This included a two-level identity theft enhancement under U.S.S.G. § 2B1.1(b)(10)(C)(i).[1]  Granting in part Rosso's request for a downward variance, the district court sentenced Rosso to a term of 37 months imprisonment.  This appeal followed.

On appeal, Rosso argues that his sentence must be vacated because the district court erred by enhancing his sentencing guideline range pursuant to U.S.S.G. § 2B1.1(b)(10)(C)(i), the identify theft enhancement.  "We apply a two-pronged standard to review claims that the district court erroneously applied sentencing guidelines adjustments."  United States v. Williams, 527 F.3d 1235,

---

[1]  The probation office prepared the PSR on October 31, 2011 and, thus, referred to the 2010 edition of the Sentencing Guidelines.  PSR ¶ 7.  In the 2011 edition, effective November 1, 2011, section 2B1.1(b)(10)(C)(i) was renumbered as section 2B1.1(b)(11)(C)(i); in substance, however, the enhancement remained the same.  For clarity, we will refer to the enhancement as it appeared in the 2010 edition, i.e. section 2B1.1(b)(10)(C)(i).

2

1247 (11th Cir. 2008). "First, we review the factual findings underlying the district court's sentencing determination for clear error. We then review the court's application of those facts to the guidelines de novo." Id. (internal citation omitted).

Rosso does not contest the factual basis for the enhancement. Indeed, he concedes that in September 2009 he used a fictitious social security number, and the name and birth date of a previously deceased man (Michael Jerome Calabrese) to obtain a replacement Florida drivers license.[2] Instead, Rosso's claim goes to the second prong of the analysis. Rosso argues that the identity theft enhancement does not apply to his conduct. Specifically, Rosso argues first that Calabrese was deceased when Rosso used Calabrese's name and birth date to obtain the replacement drivers license, and thus Rosso did not use a "means of identification unlawfully to . . . obtain [another] means of identification" within the meaning of section 2B1.1(b)(10)(C)(i); and, second, that "because the social security number used was not that of an actual individual, [Rosso's] conduct is not within the reach of the enhancement." For the reasons that follow, neither argument prevails.

Section 2B1.1(b)(10)(C)(i) provides that a defendant's offense level should

---

[2] Rosso's use of the fictitious social security number to get a replacement Florida drivers license provided the factual basis for his false representation of a social security number conviction, 42 U.S.C. § 408(a)(7)(B).

be increased by two levels "[i]f the offense involved . . . the unauthorized transfer or use of any means of identification unlawfully to produce or obtain any other means of identification." Id. The commentary to section 2B1.1 adopts the definition of "means of identification" as it appears in 18 U.S.C. § 1028(d)(7), see § 2B1.1 cmt. n.1, which, in turn, defines "means of identification" as including "any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any name [or] date of birth." 18 U.S.C. § 1028(d)(7). Section 2B1.1 clarifies, however, "that such means of identification shall be of an actual (i.e., not fictitious) individual, other than the defendant." Id. at cmt. n.1.

Rosso argues first that "the enhancement provision is unclear as to whether an 'actual person,' within the meaning of this provision, includes deceased persons," and therefore that "the rule of lenity requires that it be construed most favorable to his position." This court has recently rejected a similar argument in the context of another statute. See United States v. Zuniga-Arteaga, 681 F.3d 1220, 1223 (11th Cir. 2012). In Zuniga-Arteaga we concluded that the aggravated identity theft statute, 18 U.S.C. § 1028A(a)(1), "punishes theft of the identity of any actual person, regardless of whether that person is still alive." Zuniga-Arteaga, 681 F.3d at 1223. Consistent with the reasoning of Zuniga-Arteaga, we

4

reject Rosso's argument that the identity theft enhancement can only apply where the "means of identification" belongs to a living person.  See also United States v. Castillo-Hernandez, 152 F. App'x 811, 812 (11th Cir. 2005) (reasoning that an "actual person" within the plain meaning of the sentencing guidelines includes a deceased person).

Second, Rosso argues that "his conduct does not come within this provision" because the social security number he used in conjunction with Calabrese's name and birth date to obtain the replacement drivers license was fictitious.  This argument also fails.  We interpret the sentencing guidelines according to their "plain and ordinary meaning." United States v. Pompey, 17 F.3d 351, 354 (11th Cir. 1994).  The commentary to section 2B1.1 makes it plain that "means of identification" means "any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual," 18 U.S.C. § 1028(d)(7) (emphasis added).  See U.S.S.G. § 2B1.1 cmt. n.1.  Rosso's use of Calabrese's name and date of birth was sufficient by itself to warrant the identity theft enhancement.  See id.  Thus, we need not decide whether Rosso's use of a fictitious social security number, standing alone, would support the

5

enhancement.[3]

For these reasons, the district court's sentence for Rosso is

**AFFIRMED.**

---

[3] Rosso repeatedly points out that the factual findings underlying the identity theft enhancement are unrelated to his convictions for counts one and two of the indictment, theft of government property, and failure to disclose events affecting his continued eligibility for social security benefits, respectively. Even if true, this observation is beside the point. Regardless of whether Rosso's use of Calabrese's name and birth date to obtain a fraudulent drivers license was related to his social security benefits fraud, it was clearly related to his conviction for false representation of a social security number, the offense to which the identity theft enhancement was applied. PSR ¶ 28.