United States Court of Appeals,

Eleventh Circuit.

No. 95-4193

Non-Argument Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

Raymond COE, a/k/a Raymond Robertson, Defendant-Appellant.

March 29, 1996.

Appeal from the United States District Court for the Southern District of Florida. (No. 94-92-CR-DTKH), Daniel T.K. Hurley, Judge.

Before ANDERSON, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Raymond Coe appeals his sentence of 267 months for possession of a firearm by a convicted felon. Coe argues that the trial court erred in refusing to grant a downward adjustment for acceptance of responsibility under USSG § 3E1.1 (1994). In reviewing a trial court's refusal to grant an adjustment, this court reviews interpretations of the sentencing guidelines *de novo, United States v. Pedersen,* 3 F.3d 1468, 1470 (11th Cir.1993), and factual determinations for clear error, *United States v. Kendrick,* 22 F.3d 1066, 1068 (11th Cir.1994).

Section 3E1.1 requires a downward adjustment "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." USSG § 3E1.1(a). To determine whether a defendant qualifies, a sentencing court should consider whether he "truthfully admitt[ed] or [did] not falsely deny[ ] any additional relevant conduct for which the defendant is accountable under §

1B1.3 (Relevant Conduct)." USSG § 3E1.1, comment. (n. 1).

Relevant conduct under § 1B1.3 includes

> all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant ... that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense.

USSG § 1B1.3(a)(1). The commentary to § 1B1.3 further explains:

> The principles and limits of sentencing accountability under this guideline are not always the same as the principles and limits of criminal liability. Under subsection[ ] (a)(1) ... the focus is on the specific acts and omissions for which the defendant is to be held accountable in determining the applicable guideline range, rather than on whether the defendant is criminally liable for an offense as a principal, accomplice, or conspirator.

USSG § 1B1.3, comment. (n. 1).

Coe admitted that he used a firearm to commit a robbery, although he claimed he could not remember whether he had pulled the weapon's trigger. The government points out that Coe initially denied that he had held the gun to the victim's head and pulled the trigger and had brandished the gun at other civilians. The district court found that Coe did not accept responsibility because he was not forthright about brandishing the gun and pulling its trigger.

On appeal, Coe argues that whether he accepted responsibility for pulling the trigger and brandishing the gun is irrelevant to the acceptance of responsibility analysis because those actions do not constitute "relevant conduct" within the meaning of § 1B1.3. He argues that according to § 1B1.3's heading—"Relevant Conduct (Factors That Determine the Guideline Range)"—and note 1 of § 1B1.3's commentary, relevant conduct includes only those acts and

omissions that are used to calculate the applicable guideline range prior to adjustment. However, the broad language of § 1B1.3(a) is clear: relevant conduct includes *all* acts that occurred during the commission of the offense. Moreover, note 1 must be read in its entirety and in light of the breadth of § 1B1.3(a). In context it becomes apparent that note 1 is not limiting, but merely explains that relevant conduct encompasses more than those acts directly relevant to criminal liability.

In this case, Coe brandished a gun and pulled its trigger during the offense for which he was convicted. Those acts are relevant conduct for which Coe is accountable, and therefore, a court may consider them in assessing whether Coe accepted responsibility for his offense. Because the court correctly interpreted the sentencing guidelines, and its factual determination that Coe had not been forthright about pulling the trigger and brandishing the gun is not clearly erroneous, we affirm Coe's sentence.

AFFIRMED.