[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 1, 2006
THOMAS K. KAHN
CLERK

No. 06-11876
Non-Argument Calendar

_____

D. C. Docket No. 05-20392-CR-JAG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DOMINIQUE LEWIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 1, 2006)

Before TJOFLAT, BLACK and CARNES, Circuit Judges.

PER CURIAM:

Dominique Lewis appeals his convictions and sentences imposed after he pled guilty to conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951(a) (Count I), and interference with commerce by robbery, in violation of § 1951(a) (Count II), and after a jury found him guilty of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count IV). Lewis asserts: (1) his conviction under § 924(c) violated the Commerce Clause; (2) his trial on the § 924(c) charge violated the Double Jeopardy Clause; and (3) the district court erred in denying him a U.S.S.G. § 3E1.1 acceptance of responsibility reduction. After review, we affirm Lewis's convictions and sentences.

## I. DISCUSSION

A. *Commerce Clause*

Lewis first contends § 924(c) is unconstitutional because Congress did not explicitly link the offense conduct with interstate commerce, and, therefore, lacked the power to enact it under the Commerce Clause. Specifically, he asserts linking the possession of a firearm to a generic "crime of violence" does not establish the crime had a "substantial effect on interstate commerce." Although Lewis acknowledges we have rejected facial challenges to § 924(c), he states "the issue is

raised here for consideration by this Court under the factual circumstances of this case."

We review constitutional issues *de novo*. *United States v. Wright*, 392 F.3d 1269, 1280 (11th Cir. 2004), *cert. denied*, 125 S. Ct. 1751 (2005). 18 U.S.C. § 924(c)(1)(A) prohibits, *inter alia*, the possession or use of a firearm "during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States." 18 U.S.C. § 1951(a) prohibits, *inter alia*, robbery which "obstructs, delays, or affects commerce or the movement of any article or commodity in commerce." We have rejected facial challenges to § 924(c). *See United States v. Ferreira*, 275 F.3d 1020, 1028 (11th Cir. 2001) (rejecting defendant's argument that "Congress lacked the power under the Commerce Clause to enact [§ 924(c)]"); *United States v. DePace*, 120 F.3d 233, 235 n.2 (11th Cir. 1997) (rejecting defendant's argument that § 924(c) "is an unconstitutional effort to regulate intrastate, non-economic activity").

To the extent Lewis argues Congress lacked the power to enact the statute, we reject this argument because we have rejected facial challenges to § 924(c). *See id.* To the extent Lewis is challenging the statute's constitutionality as applied to him, Lewis pled guilty to violations § 1951(a). Additionally, Lewis agreed the store he robbed was a store engaged in interstate commerce and a number of the

3

firearms he stole had moved in interstate commerce. As a result, the predicate crime of violence in this case admittedly was one that involved interstate commerce. Accordingly, under the facts of this case, § 924(c) was constitutionally applied.

B. *Double Jeopardy*

Lewis next contends his trial and conviction on Count IV violated the Double Jeopardy Clause because he had already pled guilty to the lesser-included robbery offense. Specifically, he asserts that, because the Government was required to prove a violation of § 1951(a) in order to obtain a conviction under § 924(c), once he pled guilty to violating § 1951(a), the Double Jeopardy Clause prohibited the prosecution of the § 924(c) charge.

We recently held that, when a double jeopardy claim is not asserted at trial, the issue is waived. *United States v. Williams*, 445 F.3d 1302, 1306 n.4 (11th Cir. 2006). As a result, we refused to hear the merits of the claim. *Id.* Because Lewis failed to assert his double jeopardy claim during trial, he has waived this issue.

C. *Acceptance of Responsibility*

Lewis next contends that, because he admitted during the plea colloquy all of the essential factual elements constituting a § 1951(a) violation, the district court erred in not granting him an acceptance of responsibility reduction pursuant to

4

§ 3E1.1. Lewis notes the Government's factual proffer at the plea hearing did not mention the firearm because it was unnecessary to sustain the § 1951(a) convictions and was not relevant in calculating the applicable Guidelines range. Lewis asserts that, in § 924(c) cases, the Guidelines prohibit the consideration of the use and possession of a firearm in determining the applicable Guidelines range for the underlying crime of violence.

"In reviewing a trial court's refusal to grant an adjustment [under § 3E1.1], [we] review[] interpretations of the sentencing guidelines *de novo* and factual determinations for clear error." *United States v. Coe*, 79 F.3d 126, 127 (11th Cir. 1996) (citations omitted). In *Coe*, we rejected a claim nearly identical to the instant claim. *See id.* at 127-28. We explained:

> Section 3E1.1 requires a downward adjustment "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). To determine whether a defendant qualifies, a sentencing court should consider whether he "truthfully admitt[ed] or [did] not falsely deny [] any additional relevant conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct)." U.S.S.G. § 3E1.1, comment. (n. 1). Relevant conduct under § 1B1.3 includes
>
> > all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense.

*Id.* at 127.  In *Coe*, the defendant pled guilty to illegally possessing a firearm.  *Id.* In doing so, he admitted to using a gun during a crime of violence, but first denied and subsequently stated he could not remember whether he had brandished the weapon.  *Id.*  The district court found Coe had not accepted responsibility because he did not admit to brandishing the weapon.  *Id.*  On appeal, he argued whether he accepted responsibility for the brandishing of the weapon was not "relevant conduct" within the meaning of § 1B1.3.  *Id.*  We rejected that argument, holding the defendant's brandishing of a gun was "relevant conduct" within the meaning of § 1B1.3, and Coe thus was not entitled to an acceptance of responsibility reduction. *Id.* at 128.

Although Lewis admitted he committed the robbery, he denied brandishing or possessing a firearm during the commission of that robbery, instead choosing to go to trial on the § 924(c) charge.  The jury found him guilty of carrying and using a firearm during the robbery, specifically finding Lewis brandished the firearm. Based on these facts, Lewis's brandishing the firearm was "relevant conduct" within the meaning of § 1B1.3.  *See Coe*, 79 F.3d at 128.  Accordingly, because Lewis did not admit to all of the relevant conduct as related to all of the offenses of conviction, he was not entitled to an acceptance of responsibility reduction.  *See* U.S.S.G. § 3E1.1, comment. (n.1).

Finally, the district court's denial of a § 3E1.1 reduction does not violate the U.S.S.G. § 2K2.4 rule against "double counting" because that rule merely prohibits the application of a specific offense characteristic. *See* U.S.S.G. § 2K2.4, comment. (n.4) (prohibiting the application of a specific offense characteristic for possession, brandishing, use, or discharge of a firearm when a defendant is convicted of both a § 924(c) offense and the underlying offense). No such characteristic was applied in this case.[1]

## II. CONCLUSION

Lewis's conviction under § 924(c) did not violate the Commerce Clause, and his trial on the § 924(c) charge did not violate the Double Jeopardy Clause. Additionally, the district court did not err in denying him a reduction for acceptance of responsibility.

**AFFIRMED.**

---

[1] We note that post-*Coe*, the commentary to U.S.S.G. § 2K2.4 was amended to "clarify under what circumstances defendants sentenced for violations of 18 U.S.C. § 924(c) in conjunction with convictions for other offenses may receive weapon *enhancements* contained in the guidelines for those other offenses." U.S.S.G. App. C., Amendment 599 (emphasis added). This amendment concerns sentencing enhancements, not reductions. Lewis is appealing the denial of a reduction, so the amendment to the commentary does not apply to his case.