[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 17, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-11876
Non-Argument Calendar

_____

D. C. Docket No. 05-20392-CR-JAG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DOMINIQUE LEWIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 17, 2007)**

Before EDMONDSON, Chief Judge, TJOFLAT, ANDERSON, BIRCH,
DUBINA, BLACK, CARNES, BARKETT, HULL, MARCUS, WILSON and
PRYOR, Circuit Judges.

BLACK, Circuit Judge:

Dominique Lewis appealed his conviction for brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii), asserting his trial violated the Double Jeopardy Clause in the Fifth Amendment of the United States Constitution.[1]  Relying on our precedent, a panel of this Court held Lewis waived his double jeopardy claim by not asserting it before the district court.  *United States v. Lewis*, 207 F. App'x 943, 945 (11th Cir. 2006) (citing *United States v. Williams*, 445 F.3d 1302, 1306 n.4 (11th Cir. 2006)).  Lewis petitioned this Court to rehear his case en banc asserting our precedent does not comport with *United States v. Olano*, 507 U.S. 725, 113 S. Ct. 1770 (1993).  Lewis argues his failure to assert the double jeopardy defense before the district court constituted a forfeiture, not a waiver, and, pursuant to *Olano*, his claim was entitled to plain error review on appeal.

We agreed to hear Lewis's claim en banc and will now decide whether a defendant's failure to raise a double jeopardy claim before the district court constitutes a forfeiture, in which case we would review the claim for plain error, or a waiver, in which case we would not review the claim at all.

---

[1]  Lewis also asserted (1) his conviction under § 924(c) violated the Commerce Clause and (2) the district court erred in denying him a U.S.S.G. § 3E.1.1 acceptance-of-responsibility reduction.  Our en banc review does not affect the prior opinion's resolution of these issues.

## I.  DISCUSSION

Lewis failed to raise his double jeopardy claim before the district court. Under Federal Rule of Criminal Procedure 52(b), this Court may correct a "plain error that affects substantial rights . . . even though it was not brought to the [district] court's attention."  Fed. R. Crim. P. 52(b).  In *Olano*, the Supreme Court clarified that "[m]ere forfeiture, as opposed to waiver, does not extinguish an 'error' under Rule 52(b)."  *Olano*, 507 U.S. at 733, 113 S. Ct. at 1777 (citation omitted).  Thus, while forfeited claims are reviewed under Rule 52(b) for plain error, waived claims are not.  *See id* at 733, 113 S. Ct. at 1777.  The Supreme Court also explained the difference between waiver of a constitutional right and forfeiture of a constitutional right.  The Court explained, "Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right."  *Id.* at 733, 113 S. Ct. at 1777 (quotation omitted). This Circuit's precedent concerning whether a double jeopardy claim not raised in the district court is considered forfeited or waived is inconsistent with the Supreme Court's analysis in *Olano*.

Before *Olano*, when presented with double jeopardy claims raised for the first time on direct appeal, this Court concluded such claims were "waived," without addressing the difference between waiver and forfeiture.  In *Grogan v.*

3

*United States*, 394 F.2d 287, 289 (5th Cir. 1967),[2] for example, the defendant raised a double jeopardy claim for the first time on appeal.  A panel of this Court stated that the defense "should have been affirmatively raised at some point in the proceedings in the district court and was thus waived by appellant's failure to assert it at the trial."  *Id.*  Nevertheless, the panel proceeded to review the merits of that claim, without citing a standard of review, and ultimately concluded the defendant had not been placed in double jeopardy.  *Id*. at 289-90.

Relying on *Grogan*, in *United States v. Bascaro*, 742 F.2d 1335, 1365 (11th Cir. 1984), this Court declined to reach the merits of a defendant's double jeopardy claim raised for the first time on appeal, holding that the defendant waived his defense by failing to assert it before the trial court.  *Id.* (citing *Grogan*, 394 F.2d at 289).

After the Supreme Court explained the difference between waiver and forfeiture in *Olano*, this Court continued to hold that double jeopardy claims raised for the first time on direct appeal were waived, without discussing the distinction between waiver and forfeiture.  *See Williams*, 445 F.3d at 1306 n.4.  In *Williams*, the defendant argued for the first time on appeal that several of his convictions

---

[2]  In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

violated the Double Jeopardy Clause. *Id.* The Court declined to consider the merits of the defendant's double jeopardy claim, stating "the double jeopardy defense is waived by failure to assert it at trial." *Id.* (citing *Bascaro*, 742 F.2d at 1365).

Since *Olano*, other Circuits confronted with the issue of whether a defendant waives or forfeits a double jeopardy defense by not asserting it before the trial court have held the defense is forfeited. *See, e.g., United States v. Hernandez-Guardado*, 228 F.3d 1017, 1028-29 (9th Cir. 2000) (holding, after a discussion on the difference between waiver and forfeiture, "a failure to assert double jeopardy before the district court was a forfeiture of that right, not a waiver"); *United States v. Branham*, 97 F.3d 835, 842 (6th Cir. 1996) (holding that because the defendant took no affirmative steps to voluntarily waive his claim, his failure to assert double jeopardy constituted a forfeiture); *United States v. Penny*, 60 F.3d 1257, 1261 (7th Cir. 1995) (holding, after discussing *Olano*, "failure to assert the double jeopardy defense in the trial court constituted a forfeiture"); *United States v. Jarvis*, 7 F.3d 404, 409 (4th Cir. 1993) (concluding the defendant "forfeited consideration of the merits of his former jeopardy claim . . . when he failed to raise the defense at some point during the proceedings").

We now hold, consistent with *Olano*, that a waiver is the intentional

relinquishment of a known right, whereas the simple failure to assert a right, without any affirmative steps to voluntarily waive the claim, is a forfeiture to be reviewed under the plain error standard embodied in Rule 52(b).  *See Olano*, 507 U.S. at 733, 113 S. Ct. at 1777.  In the instant case, Lewis took no affirmative steps to waive his right against double jeopardy; he simply failed to assert his right.  Accordingly, Lewis forfeited his right to a double jeopardy defense, and his claim is entitled to plain error review.

We will correct a plain error when (1) an error has occurred, (2) the error was plain, and (3) the error affected substantial rights.  *United States v. Zinn*, 321 F.3d 1084, 1087 (11th Cir. 2003).  "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if . . . the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005) (quotation omitted).  In this case, we need not answer whether the error was plain or whether the error affected substantial rights because Lewis can show no error.

Lewis pled guilty to conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951(a), and interference with commerce by robbery, in violation of § 1951(a).  The jury found Lewis guilty of brandishing a firearm in furtherance of a crime of violence (robbery), in violation of 18 U.S.C.

§ 924(c)(1)(A)(ii). Lewis now asserts his guilty plea to the robbery count foreclosed a trial on the firearm count because he was already put in jeopardy for the robbery charge, which is a lesser-included offense of the firearm charge. Specifically, Lewis asserts the trial and conviction violated the protection under the Double Jeopardy Clause against a second prosecution after conviction.

"While the Double Jeopardy Clause may protect a defendant against cumulative punishments for convictions on the same offense, the Clause does not prohibit the State from prosecuting [a defendant] for such multiple offenses in a single prosecution."[3] *Ohio v. Johnson*, 467 U.S. 493, 500, 104 S. Ct. 2536, 2541 (1984). That case, like this case, involved an initial plea of guilty to only a portion of a single multi-count indictment. *Id.* at 496, 104 S. Ct. at 2539. The Court held that the Double Jeopardy Clause did not prevent trial on the remaining charges in the indictment as to which the defendant had not pled guilty. *Id.* at 502, 104 S. Ct. at 2542. The Court treated the plea and the trial as a single prosecution. *Id.* at 502, 104 S. Ct. at 2542. Lewis's claim fails, therefore, because his guilty plea to the robbery count did not prohibit the Government from prosecuting the firearm count

[3] Lewis explicitly states he is not raising a claim regarding the protection against multiple punishments. Even if he were, his claim would fail because 18 U.S.C. § 924(c)(1)(A)(ii) explicitly requires imposition of a seven-year sentence "in addition to" whatever sentence is due for the crime of violence. *See United States v. Dowd*, 451 F.3d 1244, 1251-52 (11th Cir. 2006) (holding where Congress has authorized the imposition of consecutive sentences, it is irrelevant for Double Jeopardy purposes whether one of the crimes is a lesser-included offense of the other crime).

in the same indictment.  *See Johnson*, 467 U.S. at 500-02, 104 S. Ct. at 2541-43; *United States v. Schlaen*, 300 F.3d 1313, 1317 (11th Cir. 2002) ("[T]he Double Jeopardy Clause . . . protects defendants against *successive* prosecutions, not *simultaneous* ones . . . . ").  Thus, there is no error regarding double jeopardy, and Lewis's claim fails under plain error review.

## II.  CONCLUSION

We hold that a defendant who simply failed to raise a double jeopardy claim before the district court, and took no affirmative steps to voluntarily relinquish the claim, forfeited that claim.  On appeal, we review a forfeited claim for plain error.  In this case, however, no error occurred.  Therefore, Lewis's claim fails under plain error review.

**AFFIRMED.**