[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12234
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 2, 2011
JOHN LEY
CLERK

D.C. Docket No. 6:10-cr-00023-BAE-GRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TRAVIS A. BACON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(November 2, 2011)

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Travis A. Bacon pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The Sentencing Guidelines prescribed a sentence range of 77 to 96 months' imprisonment. The district court sentenced to a term of 77 months. He now appeals his sentence, presenting one issue: whether in determining his offense level under the Guidelines, the district court erred in denying his request for a reduction of the base offense level pursuant to U.S.S.G. § 3E1.1 for acceptance of responsibility.

We review a district court's findings of fact under a clear error standard. *United States v. Jordi,* 418 F.3d 1212, 1214 (11th Cir. 2005). "Because demonstration of whether or not the defendant has personally accepted responsibility for his criminal conduct requires a consideration of both objective factors and subjective considerations of the defendant's demeanor and sincerity, the district court's determination will not be overturned unless it is without foundation." *United States v. Castillo-Valencia*, 917 F.2d 494, 500 (11th Cir. 1990). The defendant bears the burden of establishing, by a preponderance of the evidence, the factual basis for a § 3E1.1 reduction. *United States v. Askew*, 193 F.3d 1181, 1183 n.3 (11th Cir. 1999).

Section 3E1.1 of the Guidelines states that the base offense level is decreased by two points if the defendant "clearly demonstrates acceptance of

responsibility for his offense." U.S.S.G § 3E1.1(a). "To determine whether a defendant qualifies, a sentencing court should consider whether he truthfully admitted or did not falsely deny any additional relevant conduct." *United States v. Coe*, 79 F.3d 126, 127 (11th Cir. 1996)(quotation omitted). In *Coe*, we held that "relevant conduct includes all acts that occurred during the commission of the offense," not merely acts that are directly relevant to criminal liability. *Id.*

Here, the district court did not clearly err in finding that Bacon did not accept responsibility for all relevant conduct. The court was not satisfied that he had been truthful regarding how he obtained possession of the firearms, which form the basis of his offense, referencing the inconsistencies between his affidavit and his interview with the police. Additionally, the court explicitly stated that it did not accept the factual statements in the presentence report as entirely accurate.

In any event, we need not vacate and remand for error if we conclude, "on the record as a whole, that the error was harmless, i.e., that the error did not affect the district court's selection of the sentence imposed." *Williams v. United States*, 503 U.S. 193, 203, 112 S.Ct. 1112, 1120-21, 117 L.Ed.2d 341 (1992). In *United States v. Keene*, we declined to review the application of a two-point threat-of-death sentence enhancement, stating "it is unnecessary for us to decide the enhancement issue" because "the district court told us that the enhancement made

3

no difference to the sentence it imposed." 470 F.3d 1347, 1348 (11th Cir. 2006). In *Keene*, we added that the sentence imposed must be reasonable "even if the guidelines issue had been decided in the defendant's favor." *Id.* at 1349. In making this determination, we assume "exactly the same conduct [of the defendant] and other factors in the case." *Id.* at 1349-50.

Here, the district court explicitly stated that it would impose the same 77-months' sentence, regardless of whether or not it granted a reduction for acceptance of responsibility. Even if the guideline issue had been resolved in Bacon's favor, the high-end of his sentence range would have been 71 months. Bacon does not contend that his sentence was unreasonably severe, and the record does not show that a 6-month variance would be unreasonable.

AFFIRMED.