[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11883
Non-Argument Calendar
_____

D.C. Docket No. 8:13-cr-00204-EAK-TBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL J. CHARNIAK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 14, 2015)

Before MARCUS, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Michael Charniak appeals his 262-month total sentence, imposed after pleading guilty to one count of transporting child pornography, in violation of 18 U.S.C. § 2252(a)(1), (b)(1), and one count of receiving child pornography, in violation of 18 U.S.C. § 2552(a)(2).

On appeal, Charniak argues that the district court erred in counting his prior state conviction of sexually abusing his daughter toward his criminal history points and criminal history category, because the state offense was inextricably intertwined with the federal offenses.  He argues that the district court erred in applying enhancements under both U.S.S.G. § 2G2.2(b)(2) and (b)(4), resulting in impermissible double-counting. In addition, he argues that the district court committed procedural error by running his federal sentences consecutively to his state sentence, contrary to U.S.S.G. § 5G1.3(b)(2).  Charniak argues that the district court imposed a substantively unreasonable sentence.  Finally, he argues that the district court plainly erred in imposing two consecutive life terms of supervised release.

## I.

We review the district court's interpretation of the sentencing guidelines *de novo*. *United States v. Coe*, 79 F.3d 126, 127 (11th Cir. 1996).  The district court's fact findings, including the finding that two cases are not related, are reviewed for clear error. *See United States v. Query*, 928 F.2d 383, 385 (11th Cir. 1991).

2

Section 4A1.1(a) provides that, when calculating a defendant's criminal history, the sentencing court should add three points for each prior sentence of imprisonment exceeding one year and one month. U.S.S.G. § 4A1.1(a).  Section 4A1.2(a)(1) defines "prior sentence" as "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of *nolo contendere*, for conduct not part of the instant offense." *Id*. § 4A1.2(a)(1).  Conduct is part of the instant offense if it is relevant conduct to the instant offense. *Id*. § 4A1.2, comment. (n.1).  Relevant conduct includes all acts and omissions committed by the defendant during the commission of the instant offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense. *Id*. § 1B1.3(a)(1)(A).

Section 2G2.2(b)(5) provides that "[i]f the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor," the district could should increase the offense level by five levels. *Id*. § 2G2.2(b)(5).  A pattern of activity involving the sexual abuse or exploitation of a minor is defined as:

> any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct.

3

*Id*. § 2G2.2, comment. (n.1).  Furthermore, a conviction considered under

§ 2G2.2(b)(5) is not excluded from consideration when calculating criminal history

points. *Id*. § 2G2.2, comment. (n.3).

The district court did not err in counting Charniak's state conviction toward

his criminal history points because that offense met the definition of "prior

sentence" under U.S.S.G. § 4A1.2(a)(1).  Charniak's state sentence for abusing his

daughter was imposed prior to his conviction for the instant federal offenses. *See*

U.S.S.G. § 4A1.2(a)(1).  The state offense was not part of the instant offenses

because it was not relevant conduct. *See* U.S.S.G. § 4A1.2, comment. (n.1).

Charniak did not abuse his daughter during the commission of his child

pornography offenses, in preparation for them, or in the course of attempting to

avoid detection or responsibility for them. *See id*. § 1B1.3(a)(1)(A).  Even though

the state and federal offenses occurred during the same time period, they involved

different victims and different conduct – receiving and distributing media on one

hand and sexually abusing an individual on the other.  The fact that agents

discovered Charniak's abuse of his daughter during an interview about his child

pornography offenses does not alone make that offense relevant conduct.  Neither

does the inclusion of facts regarding the state offense in the "Offense Conduct"

section of the presentence investigation report ("PSI") make it relevant conduct,

because these facts were necessary to include in order to apply the five-level increase under U.S.S.G. § 2G2.2(b)(5).

In addition, Charniak's argument that the state offense was relevant conduct as a result of the application of the five-level increase under U.S.S.G. § 2G2.2(b)(5) fails. This section specifically allows the district court to consider offenses not determined to be relevant conduct and provides that these offenses are not excluded from the calculation of criminal history points. *See id*. § 2G2.2, comment. (n.1); *id*. § 2G2.2, comment. (n.3). The use of Charniak's state offense to apply this five-level increase does not preclude the district court from considering the offense when calculating his criminal history points.

## II.

We review *de novo* a claim of double-counting under the Guidelines. *United States v. Suarez*, 601 F.3d 1202, 1220 (11th Cir. 2010). However, if a party fails to raise an argument before the district court, we review the issue for plain error. *United States v. McNair*, 605 F.3d 1152, 1222 (11th Cir. 2010). Plain error occurs when there is (1) an error, (2) that is plain, and (3) that affects substantial rights. *Id*. If the first three conditions are met, then we "may exercise discretion to correct a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or pubic reputation of judicial proceedings." *Id*. (quotations omitted). "An error is 'plain' if controlling precedent from the Supreme Court or the Eleventh Circuit

5

establishes that an error has occurred." *United States v. Ramirez-Flores*, 743 F.3d 816, 822 (11th Cir. 2014), *cert. denied* (No. 14-6502) (U.S. Jan. 12, 2015).  An error is also plain if it is clear or obvious. *United States v. Joseph*, 709 F.3d 1082, 1095-96 (11th Cir. 2013), *cert. denied*, 134 S.Ct. 1273 (2014).

"Impermissible double counting occurs only when one part of the guidelines is applied to increase a defendant's sentence on account of a kind of harm that has already been fully accounted for by application of a different part of the guidelines." *Suarez*, 601 F.3d at 1220 (quotation omitted).  Further, "[d]ouble counting a factor during sentencing is permissible if the Sentencing Commission intended the result, and if the result is permissible because each section concerns conceptually separate notions related to sentencing." *Id*. (quotation omitted).  We "presume[] the Sentencing Commission intended to apply separate guideline sections cumulatively, unless specifically directed otherwise." *United States v. Rodriguez-Matos*, 188 F.3d 1300, 1310 (11th Cir. 1999).

Under § 2G2.2(b)(2), the district court applies a two-level increase to the defendant's offense level "[i]f the material involved a prepubescent minor or a minor who had not attained the age of 12 years." U.S.S.G. § 2G2.2(b)(2).  If the material portrays "sadistic or masochistic conduct or other depictions of violence," the district court applies a four-level increase. *Id*. § 2G2.2(b)(4).  We have held that § 2G2.2(b)(4) is appropriately applied when a district court determines that

"(1) the minor in the image is a young child and (2) the image portrays vaginal or anal penetration of a young child by an adult male" because this act is necessarily painful. *United States v. Hall*, 312 F.3d 1250, 1263 (11th Cir. 2002).

The district court did not plainly err by applying both enhancements. First, Charniak points to no binding precedent holding that applying both the § 2G2.2(b)(2) and (b)(4) enhancements represents double-counting, so even if there was error, it is not plain. *See Ramirez-Flores*, 743 F.3d at 822. Furthermore, there is no error at all, because the harm encompassed by § 2G2.2(b)(4) is not fully accounted for by § 2G2.2(b)(2), and each of the guideline sections represents conceptually different notions related to sentencing. *See Suarez*, 601 F.3d at 1220. An individual may receive or distribute child pornography images involving simulated intercourse or the lascivious exhibition of a prepubescent child's genitals, either of which would result in the application of § 2G2.2(b)(2) based on the age of the child but not § 2G2.2(b)(4). While the age of the child is part of the analysis articulated in *Hall* as to whether § 2G2.2(b)(4) applies, the image must also portray vaginal or anal penetration of the young child by an adult male. *See Hall*, 312 F.3d at 1263. The fact that the child is prepubescent is only one part of the analysis of whether the image necessarily depicts violence. *See id*. In addition, the application of both enhancements would not impact Charniak's substantial

7

rights, because he possessed and distributed images of children tied up, which would result in the application of § 2G2.2(b)(4) even if the images of adults having sex with very young children did not. *See McNair*, 605 F.3d at 1222.

### III.

We review the imposition of a consecutive sentence for abuse of discretion, and the resulting sentence must be reasonable. *United States v. Covington*, 565 F.3d 1336, 1346-47 (11th Cir. 2009).  We review the application of U.S.S.G. § 5G1.3 *de novo*. *United States v. Bidwell*, 393 F.3d 1206, 1208-09 (11th Cir. 2004).

When a sentence is imposed on a defendant who is already subject to an undischarged term of imprisonment, the district court may elect to run the terms concurrently or consecutively. 18 U.S.C. § 3584(a).  Terms imposed at different times run consecutively unless the court orders them to run concurrently. *Id*. Regardless of how the district court determines to run the terms, it must make the decision in consideration of the factors set forth in § 3553(a). *Id*. § 3584(b). Echoing the statute, the Sentencing Guidelines state that when imposing a sentence on a defendant already subject to an undischarged sentence, the sentence for the instant offense may run concurrent, partially concurrent, or consecutive to the prior sentence. U.S.S.G. § 5G1.3(c) (Nov. 2013).  The application notes provide that the district court should consider the following factors in determining whether to impose consecutive or concurrent terms of imprisonment: (1) the factors set out in

§ 3584 (which references § 3553(a)); (2) the type (meaning, e.g., determinate or indeterminate/parolable) and length of the prior undischarged sentence; (3) the time served on the undischarged sentence and the time likely to be served before release; (4) whether the prior undischarged sentence was imposed in state or federal court, or at a different time before the same or different federal court; and (5) "[a]ny other circumstance relevant to the determination of an appropriate sentence for the instant offense." *Id.* § 5G1.3(c) comment. (n.3(A)).  This Court has recognized that § 3584 and § 5G1.3 evince a preference for consecutive terms of imprisonment when the sentences are imposed at different times. *Ballard*, 6 F.3d at 1506.

However, U.S.S.G. § 5G1.3(b) provides that if the instant offense was not committed while the defendant was serving a term of imprisonment, a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction, and that offense was the basis for an increase in the offense level for the instant offense under Chapter Two or Three of the Guidelines, the sentence shall be imposed concurrently to the remainder of the undischarged term of imprisonment. U.S.S.G. § 5G1.3(b)(2) (Nov. 2013).  Before imposing the sentence, the district court shall adjust the sentence for any period of imprisonment already served on the undischarged term if the court determines the Bureau of

Prisons will not credit the time already served to the federal sentence. *Id.* § 5G1.3(b)(1).

The district court did not err when it imposed Charniak's federal sentences to run consecutive to his state sentence. Charniak fails to show that his state offense met the requirements under U.S.S.G. § 5G1.3(b)(2) to require the district court to impose concurrent sentences. As explained previously, Charniak's state conviction for sexually abusing his daughter was not relevant conduct for his federal offenses of child pornography and the application of the five-level increase did not cause the offense to be deemed relevant conduct. Because the state offense was not relevant conduct, the district court had the discretion to impose concurrent, partially concurrent, or consecutive sentences. *See* U.S.S.G. § 5G1.3(c). The district court discussed the seriousness of child pornography and the need to be fair to both the victims and the community in determining whether to impose the sentences consecutively. The district court's decision to impose Charniak's sentences to run consecutively to his state sentence was within the court's discretion and did not constitute error. *See* U.S.S.G. § 5G1.3(c); *Covington*, 565 F.3d at 1346. In addition, the judge's comment stating that she did not have a choice, when considered in context, was not an expression of her belief that she was bound by the guidelines to impose consecutive sentences, but rather an expression of her belief that the circumstances surrounding the offenses compelled

10

her to exercise her discretion to impose consecutive sentences.  Finally, the resulting sentence was reasonable, as described below. *See Covington*, 565 F.3d at 1347.

## IV.

We review the reasonableness of a sentence using a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007).  We examine the sentence's substantive reasonableness under the totality of the circumstances. *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009).  The burden of establishing unreasonableness lies with the party challenging the sentence. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

The district court is required to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted

11

sentencing disparities, and the need to provide restitution to victims. *Id.*
§ 3553(a)(1), (3)-(7).

A district court abuses its discretion and imposes a substantively unreasonable sentence when it fails to afford consideration to relevant factors that were due significant weight, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment in considering the proper factors. *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*). We will remand only when "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotations omitted). A sentence well below the statutory maximum penalty is one indicator of a reasonable sentence. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

Charniak has not met his burden of establishing that his sentence is substantively unreasonable in light of the totality of the circumstances and the § 3553(a) factors. *See Tome*, 611 F.3d at 1378. Although Charniak does not have an extensive criminal history, his recent offenses were for the extremely serious crimes of child pornography and sexually abusing his daughter over a period of years. Charniak's sentence reflects both the seriousness of his child pornography

offenses and the concerns for public safety, particularly the safety of children. Furthermore, Charniak continued to obtain and trade child pornography after his initial interview with agents. His actions show that he is likely to engage in the offenses again and show a need for adequate deterrence.  Under the circumstances, Charniak's sentence accomplished the needs for the sentence to reflect the seriousness of the offenses, protect the public, and provide deterrence. *See* 18 U.S.C. § 3553(a)(2).  His sentence was within the range of reasonable sentences dictated by the facts. *See Pugh*, 515 F.3d at 1191.

Charniak's specific arguments also fail.  First, the 262-month total sentence is significantly below the 480-month maximum statutory sentence Charniak could receive with his sentences imposed consecutively.  The federal sentence does not punish Charniak twice for conduct related to the federal offenses, because the state and federal offenses are separate and unrelated.  The district court judge's comments regarding her experience served to place Charniak's offenses within the context of her knowledge regarding sex crimes against minors.  Finally, the district court did not apply the "market thesis theory" to its determination of Charniak's sentence.  The district court did not discuss the nature of child pornography in relation to the theory that consumers of child pornography increase the harm to future children by increasing the demand for child pornography, as described in the market thesis theory.  Instead, the district court spoke about the harm to children

13

who are already victims of child pornography when new consumers continue to view and transfer that child pornography long after it was made.

V.

We generally review questions of statutory interpretation and the district court's application of the Sentencing Guidelines *de novo*. *See United States v. Barrington*, 648 F.3d 1178, 1194 (11th Cir. 2011) (Sentencing Guidelines); *United States v. Segarra*, 582 F.3d 1269, 1271 (11th Cir. 2009) (statutory interpretation). If a party fails to raise an argument before the district court, we review the issue for plain error. *McNair*, 605 F.3d at 1222.  Plain error occurs when there is (1) an error, (2) that is plain, and (3) that affects substantial rights. *Id*. If the first three conditions are met, then this Court "may exercise discretion to correct a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or pubic reputation of judicial proceedings." *Id*. (quotations omitted).  To show that an error affected a defendant's substantial rights, the defendant must establish a reasonable probability that the result would have been different but for the error. *See United States v. Cartwright*, 413 F.3d 1295, 1300-01 (11th Cir. 2005).  An error that seriously affected the fairness of the judicial proceedings is one that is "particularly egregious," and, if left uncorrected, would result in a miscarriage of justice. *See United States v. Puche*, 350 F.3d 1137, 1151 (11th Cir. 2003).

14

Terms of supervised release must run concurrently. 18 U.S.C. § 3624(e) (providing that a term of supervised release "runs concurrently with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release"); U.S.S.G. § 5G1.2, comment. (n.2(C)).

Here, the district court committed an error that was plain when it imposed consecutive supervised release terms. *See* U.S.C. § 3624(e); U.S.S.G. § 5G1.2, comment. (n.2(C)). However, the error did not affect Charniak's substantial rights because, even absent the error, his total term of supervised release – life – would remain the same. *See Cartwright*, 413 F.3d at 1300-01. Charniak's arguments concerning the possible impact of a court reducing one of the supervised release terms in the future does not show an effect on his substantial rights, because Charniak would still have to serve his other life term even if that term was concurrent. Because Charniak does not meet the first three conditions to show plain error, this Court need not determine whether the error seriously affects the fairness of the judicial proceedings. *See McNair*, 605 F.3d at 1222. Even if the Court considered this fourth factor, Charniak does not show the error would result in a miscarriage of justice if left uncorrected, because the error will not cause him to be subjected to any punishment beyond that which would have applied absent the error. *See Puche*, 350 F.3d at 1151.

15

**AFFIRMED.**