**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3626
_____

UNITED STATES OF AMERICA

v.

MASON DAVID POWELL,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court No. 1:16-cr-00105-001)
District Judge: Honorable Christopher C. Conner

_____

Submitted under Third Circuit LAR 34.1(a)
on September 16, 2019

Before: KRAUSE, MATEY, and RENDELL, *Circuit Judges*.

(Opinion filed: September 26, 2019)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Appellant Mason David Powell argues, for the first time on appeal, that the District Court's mistaken application of the Special Instructions in §§ 2G1.3(d)(1) and 2G2.1(d)(1) of the United States Sentencing Guidelines constitutes plain error. The Government contends that plain error review is not appropriate because this argument was waived, not merely forfeited. We need not determine whether we confront a forfeiture or waiver, however, because even assuming the plain error review that attends the former, Powell's substantial rights were not affected. We therefore will affirm.

## Discussion[1]

Powell pleaded guilty to using a facility or means of interstate commerce to entice a minor victim to engage in sexual activity, in violation of 18 U.S.C. § 2422(b) (Count I); enticing a minor to engage in sexual activity for the purpose of producing a visual depiction of the conduct, in violation of 18 U.S.C. § 2251(a) (Count II); and possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count III). He was sentenced to 480 months in prison. He now argues that he is entitled to resentencing because the District Court plainly erred by enhancing his sentence based on "multiple 'pseudo-counts' for several victims when those counts would not have constituted relevant conduct of the offense of conviction." Appellant's Br. 2.

Because we assume that our review is for plain error under Federal Rule of Criminal Procedure 52(b), we must determine whether (1) an error occurred, (2) the error is "plain,"

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have appellate jurisdiction under 28 U.S.C. § 1291.

and (3) it "affect[s] substantial rights." *United States v. Olano*, 507 U.S. 725, 732 (1993) (alteration in original) (quoting Fed. R. Crim. P. 52(b)). If this standard is met, we may exercise our discretion to correct the error if it would "seriously affect[] the fairness, integrity or public reputation of judicial proceedings." *Id.* (citation omitted). Powell bears the burden of demonstrating that the *Olano* standard has been met. *Id.* at 734–35.

Powell argues that the District Court erred by concluding that the offenses charged in Counts I and II, which were based on his communications with victim C.S., also involved victims L.G., R.S., S.H., D.M., and K.M. Under both §§ 2G1.3(d)(1) and 2G2.1(d)(1), if the offense of conviction involved more than one minor, the Guidelines treat the conduct related to each minor as a separate count.[2] This enhancement applies when the "relevant conduct of an offense of conviction includes" the exploitation or enticement of more than one minor "whether specifically cited in the count of conviction" or not. U.S.S.G. § 2G1.3(d)(1) cmt. n.6; *id.* § 2G2.1 cmt. n.7.

Both parties agree that, as it relates to this case,[3] "relevant conduct" is properly defined as "acts . . . that occurred during the commission of the offense of conviction, in

---

[2] *See* U.S.S.G. § 2G1.3(d)(1) ("If the offense involved more than one minor, Chapter Three, Part D (Multiple Counts) shall be applied as if the persuasion, enticement, coercion, travel, or transportation to engage in a commercial sex act or prohibited sexual conduct of each victim had been contained in a separate count of conviction."); § 2G2.1(d)(1) ("If the offense involved the exploitation of more than one minor, Chapter Three, Part D (Multiple Counts) shall be applied as if the exploitation of each minor had been contained in a separate count of conviction.").

[3] Powell argues, and the government concedes, that U.S.S.G. § 1B1.3(a)(2), which defines "relevant conduct" as "all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction," is inapplicable here.

3

preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense," U.S.S.G. § 1B1.3(a)(1), but they disagree as to whether Powell's acts involving victims L.G., R.S., S.H., D.M., and K.M. fall within that definition.

For today's purpose, however, it is sufficient that we conclude the District Court did not err in treating the conduct involving victim D.M. as relevant conduct, for that alone is sufficient to deny relief on plain error review. "[T]he broad language of § 1B1.3(a) is clear: relevant conduct includes *all* acts that occurred during the commission of the offense." *United States v. McClure-Potts*, 908 F.3d 30, 40 (3d Cir. 2018) (alteration in original) (quoting *United States v. Coe*, 79 F.3d 126, 127 (11th Cir. 1996) (per curiam)). Powell's abuse of D.M. carried over from 2014 until in or around Powell's offense conduct involving C.S. in 2015. And Powell brought D.M. with him to his meeting with C.S., reflecting an intent to intermingle his abuse of D.M. with his abuse of C.S. These circumstances together suffice to support the District Court's conclusion that Powell's conduct as to D.M. is relevant conduct under § 1B1.3(a)(1). *See United States v. Ward*, 626 F.3d 179, 183–84 (3d Cir. 2010) (finding District Court did not err in concluding an offense involved a second victim when there was evidence that the defendant intended to include the second victim in the offense of conviction).

An error does not affect a defendant's substantial rights unless it "prejudiced [him], either specifically or presumptively." *Olano*, 507 U.S. at 739. "It must have affected the outcome of the district court proceedings." *Id.* at 734. Powell's criminal history category is not disputed. And with the inclusion of Powell's abuse of D.M. as relevant conduct

4

under § 1B1.3(a)(1), Powell's total offense level remains at 43[4]—the total offense level under which he was sentenced. Accordingly, Powell's substantial rights were not affected by the District Court's inclusion of Powell's abuse of victims L.G., R.S., S.H., and K.M as relevant conduct.

## Conclusion

For the foregoing reasons, we will affirm the judgment of conviction and sentence as entered by the District Court.

---

[4] Pseudo-count group five, with an adjusted offense level of 38, pertains to victim D.M. This starting offense level of 38 would be increased by three to reflect the existence of three sentencing units: pseudo-count group five as well as groups one and seven, the offenses of conviction. A further increase of five levels would be made because Powell is a repeat and dangerous sex offender. U.S.S.G. § 4B1.5(b)(1). Finally, three levels would be subtracted for Powell's acceptance of responsibility, U.S.S.G. § 3E1.1, resulting in a total offense level of 43.