[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10726
Non-Argument Calendar
_____

D.C. Docket No. 8:18-cr-00350-SDM-JSS-1


UNITED STATES OF AMERICA,

                                                            Plaintiff-Appellee,

versus

SAVANNAH ROLLE,

                                                            Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 26, 2020)

Before WILLIAM PRYOR, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Savannah Rolle appeals his convictions and 120-month sentence for possession of a firearm by a convicted felon on two grounds. First, as to his conviction itself, he argues that the district court plainly erred by failing to inform him that the government had to prove that he knew he was convicted of a crime punishable by more than one year before accepting his guilty plea, as the Supreme Court required in *Rehaif v. United States*, __ U.S. __, 139 S. Ct. 2191 (2019). Second, as to his sentence, he argues that the district court erred in finding that he did not qualify for a reduction in his offense level for acceptance of responsibility when it found that his case was not "extraordinary" under application note 4 to § U.S.S.G. § 3E1.1. We affirm on both grounds and address each in turn.

## I. ROLLE'S GUILTY PLEA

Rolle argues that the district court plainly erred by accepting his guilty plea when he had not been properly apprised of the elements of the offense with which he was charged. We review the constitutionality of a guilty plea and a Rule 11 violation for plain error when the objection is raised for the first time on appeal. *United States v. Moriarty*, 429 F.3d 1012, 1018–19 (11th Cir. 2005). Under plain error review, the defendant has the burden to show that: (1) an error occurred; (2) the error was plain; and (3) the error affects substantial rights. *United States v. Monroe*, 353 F.3d 1346, 1349 (11th Cir. 2003). If the first three prongs of plain error are met, we may exercise our discretion to review the error, but only if the

2

error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The district court must satisfy the three core objectives of Federal Rule of Criminal Procedure 11 when conducting a plea colloquy. *See* Fed. R. Crim. P. 11(b)(1)(G). Rule 11 requires that a district court determine that: (1) the guilty plea is free from coercion; (2) the defendant understands the nature of the charges; and (3) the defendant knows and understands the consequences of his guilty plea. *United States v. Zickert*, 955 F.2d 665, 668 (11th Cir. 1992). Rule 11 does not require a district court to list the elements of an offense. *United States v. Presendieu*, 880 F.3d 1228, 1238 (11th Cir. 2018); *see* Fed. R. Crim. P. 11(b)(1)(G).

In *United States v. Quinones*, we held that, when the district court failed to ensure that the defendant understood the nature of the charge against him, the failure was plain error and violated the defendant's substantial rights. 97 F.3d 473, 475 (11th Cir. 1996), *abrogated on other grounds by United States v. Vonn*, 535 U.S. 55, 74–75 (2002)). *Quinones* was later abrogated in part by the Supreme Court in *Vonn*, which held that it was improper to limit the analysis of whether a Rule 11 error occurred or resulted in prejudice by reviewing only the plea colloquy transcript and that, instead, the "reviewing court may consult the whole record

3

when considering the effect of any error on substantial rights." *See Vonn*, 535 U.S. at 74–75.

The Supreme Court later provided in *United States v. Dominguez Benitez* a standard for determining whether a defendant has shown whether a plain error under Rule 11 affected his substantial rights. 542 U.S. 74, 81 (2004). The Supreme Court held that a defendant seeking a reversal of his conviction on the ground that the district court committed plain error under Rule 11 in accepting his guilty plea must show a "reasonable probability that, but for the error, he would not have entered the plea." *Id.* at 83. The Court also held that the defendant "must satisfy the judgment of the reviewing court, informed by the entire record, that the probability of a different result is sufficient to undermine confidence in the outcome of the proceeding." *Id.* (quotation omitted). We applied *Dominguez Benitez* and held that when a district court plainly errs by failing to ensure that a defendant understood the nature of the charges against him, to warrant relief under plain error review, the defendant still must show a reasonable probability that he would not have entered a guilty plea but for the error. *Presendieu*, 880 F.3d. at 1239, 1239 n.3 (holding that the defendant did not make this showing because he had not cited any evidence indicating that he otherwise would not have pled guilty).

4

It is unlawful for a person "who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year" to "knowingly" possess a firearm or ammunition. 18 U.S.C. § 922(g)(1). In *Rehaif v. United States*, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm" when he possessed it. 139 S. Ct. 2191, 2200 (2019).

In *United States v. Reed*, we affirmed Reed's conviction for possessing a firearm as a felon under section 922(g)(1) after the Supreme Court's decision in *Rehaif*. 941 F.3d 1018, 1022 (11th Cir. 2019). We acknowledged that Reed established errors in his indictment and at trial that *Rehaif* made plain. *Rehaif* made clear that the government must prove that a defendant knew of his status as a person barred from possessing a gun. The government conceded that error occurred when Reed's indictment failed to allege that he knew he was a felon and when the jury was not instructed to find that Reed knew he was a felon, and conceded that *Rehaif* made that error plain. *Id.* at 1021.

Nevertheless, we concluded that Reed could not show a reasonable probability that the outcome of his trial would have been different had the knowledge requirement been included. *Id.* We opined that to properly evaluate Reed's claims of error, we had to view them against the entire record. *Id.*

5

Specifically, we noted that the record showed that: (1) Reed had been convicted of 8 felonies in state court at the time of his arrest for firearm possession; (2) Reed stipulated prior to trial that he had previously been convicted of a felony and had never had his right to possess a firearm restored; (3) Reed acknowledged during his trial testimony that he knew he was not supposed to have a gun; and (4) the PSI stated that he had been incarcerated for 18 years prior to the firearm possession, which Reed did not dispute. *Id.* at 1021–22. We held that, because the record established that Reed knew he was a felon, he failed to show that the errors affected his substantial rights or the fairness, integrity, or public reputation of his trial. *Id.* at 1022.

We note, as a threshold matter, that Rolle did not challenge the validity of his guilty plea before the district court and therefore, as he concedes, his challenge is subject to review for plain error. *See Moriarty*, 429 F.3d at 1018–19. We conclude here, as we did in *Reed*, that Rolle "has established errors . . . at his trial that *Rehaif* made plain." 941 F.3d at 1021; *see Rehaif*, 139 S. Ct. at 2200. Rolle next has to show a "reasonable probability that, but for the error, he would not have entered the [guilty] plea." *See Dominguez Benitez*, 542 U.S. at 83.

Rolle has not met this burden. He does not even argue—much less show—that he would not have pleaded guilty had he known that the government was required to prove that he knew that he was a convicted felon. Moreover, in light of

6

the entire record, it seems rather unlikely that Rolle would have changed his guilty plea with this information.

First, in his sentencing memorandum and at sentencing, Rolle admitted to having previously served a sentence of 36 months—which shows that, at the time he possessed the gun, he objectively and subjectively knew that he had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year.  *See* 18 U.S.C. § 922(g)(1).  Second, Rolle pleaded guilty to the indictment, which included five separate convictions that were described as felonies in the § 922(g) count.  Third, though Rolle structured his guilty plea such that he only pleaded guilty to the essential elements of the crime, he affirmed to the district court that he was not contesting that he was a convicted felon.  Fourth, Rolle did not object to the PSI's description of the five felony convictions that the government included in the indictment.[1]  Fifth, and finally, the fact that Rolle, while fleeing from a Florida police officer, threw his gun onto the roof of a nearby house lends itself to a reasonable inference that he knew that his status as a felon meant that he was not allowed to possess a gun.  Accordingly, the argument that Rolle would have pleaded not guilty but for the plain error is as weak here as it was in *Reed*, where the defendant had been convicted of multiple felony convictions in

---

[1] As we explained in *United States v. Wade*, "[i]t is the law of this circuit that a failure to object to allegations of fact in a PSI," like a list of felony convictions, "admits those facts for sentencing purposes."  458 F.3d 1273, 1277 (11th Cir. 2006).

7

state court, stipulated that he was a felon, and testified that he knew he was not supposed to have a gun. 941 F.3d at 1021–22.

Accordingly, Rolle has thus failed to carry his burden under plain error review of showing that any plain error affected his substantial rights. *See Dominguez Benitez*, 542 U.S. at 83; *Presendieu*, 880 F.3d. at 1239, 1239 n.3.

## II. ACCEPTANCE OF RESPONSIBILITY REDUCTION

Rolle's second argument is that the district court erred by refusing to grant him a reduction in his sentence for acceptance of responsibility under § 3E1.1. In reviewing the district court's application of the Sentencing Guidelines, we review its legal interpretation of the Guidelines *de novo*, *United States v. Coe*, 79 F.3d 126, 127 (11th Cir. 1996), and the factual findings upon which its determinations are made for clear error. *See Moriarty*, 429 F.3d at 1022–23. Because the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility, the determination of the sentencing judge is "entitled to great deference on review." U.S.S.G. § 3E1.1, cmt. n.5. To find the district court's decision clearly erroneous, we must have a "definite and firm conviction that a mistake was committed." *United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010) (quotation omitted). The district court's decision on the acceptance of responsibility reduction will not be overturned unless the facts in the record clearly establish that the defendant actually accepted personal responsibility. *United*

*States v. Sawyer*, 180 F.3d 1319, 1323 (11th Cir. 1999).  The defendant bears the

burden of proving he clearly accepted responsibility.  *Id.*

A defendant is entitled to a two-level reduction in his offense level if he

clearly demonstrates acceptance of responsibility.  U.S.S.G § 3E1.1(a).  With

respect to obstruction of justice enhancements, the commentary to § 3E1.1 states

that:

> Conduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply.

U.S.S.G. § 3E1.1, comment. (n.4).  "A defendant who enters a guilty plea is not

entitled to an adjustment under this section as a matter of right."  *Id.* cmt. n.3.

Indeed, more than a guilty plea is required to warrant the reduction for acceptance

of responsibility.  *See United States v. Wright*, 862 F.3d 1265, 1279 (11th Cir.

2006).  The entry of a guilty plea combined with a truthful admission of the

conduct comprising the offense charged constitutes significant evidence of

acceptance of responsibility.  U.S.S.G. § 3E1.1, cmt. n.3. But those acts may be

outweighed by conduct that is inconsistent with acceptance of responsibility.

*United States v. Wade*, 458 F.3d 1273, 1279 (11th Cir. 2006).

While a district court has broad discretion to grant or deny a reduction for

acceptance of responsibility, the court errs if it believes it does not have the

authority to grant the reduction. *United States v. Mathews*, 874 F.3d 698, 709 (11th Cir. 2017). We remanded a case for resentencing when we determined that the district court erroneously believed that a defendant's failed drug test meant that, as a matter of law, it did not have the authority to grant the acceptance of responsibility adjustment. *Id.*

As an initial matter, the district court's determination that Rolle was not entitled to an acceptance of responsibility reduction should be reviewed for clear error only. Rolle's argument that he is entitled to *de novo* review fails because he inaccurately asserts that he is challenging the district court's interpretation and application of the Guidelines. As a practical matter, Rolle is *solely* challenging the district court's factual finding—not its *legal* interpretation of the applicable Guidelines. Accordingly, Rolle must show that the district court clearly erred in finding that he had not accepted responsibility for his conduct and his circumstances were not extraordinary.

It was not clear error for the district court to find that Rolle's conduct that led to the obstruction of justice enhancement—his failure to appear at a show cause hearing regarding his multiple pretrial violations—outweighed his admission of guilt and was inconsistent with an acceptance of responsibility adjustment. *See Wade*, 458 F.3d at 1279. Accordingly, the district court did not clearly err in

10

finding that Rolle's case was not extraordinary and denying Rolle a reduction for acceptance of responsibility.

**AFFIRMED.**